## 19771

Inez Weeks SPAULDING, Appellant, v. STATE FARM MUTUAL INSURANCE COMPANY, Respondent

(202 S. E. (2d) 653)

*Messrs. Padgett, Altman & Fuller,* of North Charleston, *for Appellant,*

*Messrs. Grimball & Cabaniss,* of Charleston, *for Respondent,*

February 11, 1974.

BRAILSFORD, Justice:

This controversy began with a three-car collision, in which an unidentified automobile collided with an automobile operated by one Goude, causing the Goude automobile to collide with plaintiff's vehicle. Plaintiff's tort action against Goude and "John Doe," as operator of the unknown vehicle, resulted in a verdict in plaintiff's favor against "John Doe" alone for $7,500.00, thus exonerating Goude. Plaintiff then brought this action to recover the amount of the judgment against her automobile liability insurer on the uninsured motorist endorsement of her policy. She was denied recovery on the sole ground that the facts stated do not meet the "physical contact" requirement of Section 46-750.34, 1962 Code of Laws (Supp. 1971). The primary issue on this appeal by plaintiff is whether the court erred in construing the statute as requiring direct physical contact between the unknown vehicle and the vehicle occupied by plaintiff.

Section 46-750.34, *supra,* imposes three conditions on uninsured motorist coverage when the owner or operator of the vehicle causing injury or damage to the insured is unknown. The requirement in issue is stated in the second condition, as follows, "The injury or damage was caused by physical contact with the unknown vehicle." We applied this condition to deny recovery under the endorsement in *Coker v. Nationwide Ins. Co.,* 251 S. C. 175, 161 S. E. (2d) 175 (1968), and *Wynn v. Doe,* 255 S. C. 509, 180 S. E. (2d) 95 (1971). In neither of these cases was there physical contact between the unidentified vehicle and any person or thing involved in the accident. The distinction between those cases and this one, where there was such physical contact, is manifest. The question now to be answered was expressly reserved in *Coker.* 251 S. C. at 182, 161 S. E. (2d) at 178.

The statute does require causal physical contact with the unknown vehicle, on the absence of which our decisions in *Coker* and *Wynn* rested. It does not require direct physical contact by the hit-and-run automobile with plaintiff or with the insured automobile. Here, it has been established by the verdict of the jury in the tort case, and is conceded by the parties, that the tortious impact of the unknown vehicle upon the intervening vehicle caused plaintiff's damage. This fairly meets the statutory condition in question and entitles plaintiff to recover. See Annot., 25 A. L. R. (3d) 1299, Sec. 3(b), p. 1304 (1969).

Plaintiff also sought to recover attorneys' fees per force Act No. 1057 of 1972, which provides that such fees shall be recoverable when an insurer has refused without reasonable grounds or in bad faith to pay a claim. Suffice it to say, we are not convinced that defendant acted unreasonably or in bad faith in exercising its right to litigate its liability in this action, which turned on an issue of first impression in this jurisdiction and which was resolved in defendant's favor by the trial court.

Reversed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.