(No. 46383.—          )

STEPHEN C. FEREGA, Appellant, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.

*Opinion filed September 27, 1974.*

Gillespie, Burke & Gillespie, of Springfield, for appellant.

R. G. Heckenkamp, of Heckenkamp and Fuiten, of Springfield, for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

Section 143a of the Illinois Insurance Code requires that all policies of automobile liability insurance include coverage in amounts specified in the Illinois Vehicle Code "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run

motor vehicles \*\*\*." (Ill. Rev. Stat. 1969, ch. 73, par. 755a.) The policy of insurance issued by the defendant, State Farm Mutual Automobile Insurance Company, to the plaintiff, Stephen C. Ferega, contains an uninsured motorist clause in which the defendant agreed to pay all sums which the insured should be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle. The policy defines an uninsured motor vehicle as including a "hit-and-run motor vehicle" and defines the latter term as a vehicle "which causes bodily injury to an insured arising out of physical contact of such vehicle with the insured or with a vehicle which the insured is occupying at the time of the accident \*\*\*."

The complaint alleged that while the plaintiff was driving at night on a two-lane highway, he attempted to avoid an oncoming vehicle in his own lane of travel, by turning his own vehicle to the right. His car struck a culvert, and he and his wife were injured. His wife later died of those injuries. The oncoming vehicle was never identified nor was its driver apprehended. Upon stipulated evidence the trial court denied recovery on the ground that there had been no physical contact with the hit-and-run motor vehicle as required by the policy. The appellate court affirmed, one judge dissenting (15 Ill. App. 3d 246), and we allowed leave to appeal.

The plaintiff points out that it was his position, both in the trial court and in the appellate court, "that he had complied with the 'physical contact' requirement of the policy by virtue of the fact that there was 'constructive' physical contact between his vehicle and the uninsured vehicle, due to the fact that the insured vehicle driven by plaintiff struck a concrete culvert rather than strike the oncoming uninsured vehicle." In support of this position he points out that the Civil Practice Act specifically provides for constructive service of process (Ill. Rev. Stat. 1969, ch. 110, par. 14), and that in numerous instances the law has recognized constructive notice, constructive

possession, constructive trusts and constructive fraud. We do not find this argument persuasive. The plaintiff's suggestion is that the plain language of the statute and the policy should be judicially modified by altering the meaning of the word "hit" so that the element of physical contact is eliminated. In 1967 the First District Appellate Court, in an opinion by the late Justice Arthur J. Murphy, disposed of a similar contention, saying:

> "*** The language of the statute is clear and unambiguous, and the legislative intent can be ascertained from its provisions without resort to other aids for construction. (People ex rel. Nelson v. Olympic Hotel Bldg. Corp., 405 Ill. 440, 444, 91 N.E.2d 597 (1950).) We find that the uninsured or hit-and-run motor vehicle coverage required by section 755a, [ch.] 73, was not intended to include unidentified cars that may be present at the scene of an occurrence of bodily injury without a physical contact of the unidentified motor vehicle with the insured or an automobile occupied by the insured." (*Prosk v. Allstate Insurance Co.* (1967), 82 Ill. App. 2d 457, 461.)

The decisions of other jurisdictions are in accord. See cases collected in Annot., 25 A.L.R.3d 1299 (1969).

As a secondary proposition, the plaintiff relies upon the argument advanced by the dissenting judge in the appellate court. That argument is that the language of the policy which requires physical contact is void as against public policy because it is an attempt to dilute the coverage required by the General Assembly. But we see no inconsistency between the policy provisions and the requirements of the statute. Indeed, both seem to be entirely consistent and to be aimed at the avoidance of fraudulent claims. And since the *Prosk* case was decided in April of 1967, the General Assembly has amended or taken other action with respect to section 143a of the

Insurance Code on several occasions. (See Laws of 1967, p. 875; Laws of 1971, p. 1785, Pub. Act 77—929, effective August 17, 1971; Laws of 1971, p. 2542, Pub. Act 77—1430, effective January 1, 1972; and Laws of 1973, p. 920, Pub. Act 78—255, effective October 1, 1973.) If the *Prosk* construction was wrong, the error could have readily been corrected. But no change was made in the governing language.

The judgment of the Appellate Court, Fifth District, is affirmed.

*Judgment affirmed.*