ILLINOIS NATIONAL INSURANCE COMPANY, Plaintiff-Appellee, *v.* ROBERT PALMER *et al.*, Defendants-Appellants.

First District (4th Division)   No. 82—829

Opinion filed July 28, 1983.

William J. Harte, Ltd., and Richman & Evins, Ltd., both of Chicago (William J. Harte, of counsel), for appellants.

Pretzel & Stouffer, Chartered, of Chicago (Robert Marc Chemers, of counsel), for appellee.

PRESIDING JUSTICE ROMITI delivered the opinion of the court:

The sole issue in this case is whether before an insured can recover under the hit-and-run provision of the uninsured motorist coverage provided an automobile liability policies he or his vehicle must be struck by the whole hit-and-run vehicle rather than by an integral part of that vehicle. The trial court found no coverage where the insured's vehicle was struck by a lug nut flying off of the hit-and-run vehicle. We reverse and remand for further proceedings.

Plaintiff, Illinois National Insurance Company, filed the instant case for a declaration that it owed no liability for injuries occurring to its insured when an object was propelled by an unidentified motor vehicle through the windshield of the insured vehicle. In their answer, defendants stated that the object was propelled *from off* the unidentified motor vehicle. Since the trial court granted judgment on the pleadings, we will accept defendants' version of the accident although, as will appear obvious from subsequent discussion, the cases permit

recovery under either version of events. [1]

■■ It is well established in Illinois that an insured cannot recover under the hit-and-run provision of the uninsured motorist coverage unless there is " '*** a physical contact of the unidentified motor vehicle with the insured or an automobile occupied by the insured.' " (*Ferega v. State Farm Mutual Automobile Insurance Co.* (1974); 58 Ill. 2d 109, 111, 317 N.E.2d 550, 552.) Thus, under Illinois law there can be no recovery when an unidentified vehicle forces the insured off the road but makes no contact of any kind with the insured or his vehicle. (*Ferega.*) Here there is no dispute that some physical contact occurred. The only question is whether, in the absence of language in the statute or policy so requiring, this court will read in a requirement that the contact be a direct contact by the whole unidentified vehicle. Other courts have refused to do so and so do we.

■■ ■ The purpose of the requirement of contact, either in a statute or policy, is to reduce the potential for fraud in that otherwise an insured might simply lose control of his automobile and blame it on a nonexistent driver. (*Adams v. Zajac* (1981), 110 Mich. App. 522, 313 N.W.2d 347; *Allied Fidelity Insurance Co. v. Lamb* (Ind. App. 1977), 361 N.E.2d 174; *State Farm Mutual Automobile Insurance Co. v. Spinola* (5th Cir. 1967), 374 F.2d 873; 8C Appleman, Insurance Law & Practice sec. 5095 (1981).) Conversely, it is well established that where there is a direct causal connection between the hit-and-run vehicle and the plaintiff's vehicle, which connection carries through to the plaintiff's vehicle by a continuous and contemporaneously transmitted force from the hit-and-run vehicle, recovery is allowed. (*Kersten v. Detroit Automobile Inter-Insurance Exchange* (1978), 82 Mich. App. 459, 267 N.W.2d 425, *appeal denied* (1978), 403 Mich. 845.) Thus where the unidentified vehicle strikes one vehicle which in turn strikes the insured's vehicle, coverage is found. (*State Farm Mutual Automobile Insurance Co. v. Spinola* (5th Cir. 1967), 374 F.2d 873; *Inter-Insurance Exchange of Auto Club v. Lopez* (1965), 238 Cal. App. 2d 441, 47 Cal. Rptr. 834; *Springer v. Government Employees Insurance Co.* (La. App. 1975), 311 So. 2d 36, *writ denied* (La. 1975), 313 So. 2d 598; *Lord v. Auto-Owners Insurance Co.* (1970), 22 Mich. App. 669, 177 N.W.2d 653; *Spaulding v. State Farm Mutual Insurance Co.* (1974), 262 S.C. 95, 202 S.E.2d 653; *Latham v. Mountain States Mutual Casualty Co.* (Tex. Civ. App. 1972), 482 S.W.2d 655, *error refused n.r.e.;*

---

[1]On rehearing, the trial court accepted an affidavit from defendants in which they stated it was a lug bolt which flew off the back tire after it hit a bump and flew through the windshield of defendants' car.

*Johnson v. State Farm Mutual Automobile Insurance Co.* (1967), 20 Wash. 2d 587, 424 P.2d 648.) As the court in *Lord* remarked at 22 Mich. App. 669, 672, 177 N.W.2d 653, 655:

> "It is clear that ever since the time of Sir Isaac Newton man has recognized and lived by certain physical laws of impact and motion. Accordingly, we hold *** that an insured party is covered where the impact of the hit-and-run car was transmitted to his car through an intermediate car. We find, as did Sir Isaac, that this acceptance of a fundamental property of natural phenomena is the more sensible and consistent view as regards transfer of impact through intermediate objects."

Likewise, it has been held that where the unidentified vehicle strikes an object in the road propelling it through the air and causing it to strike plaintiff or plaintiff's vehicle, coverage is found. (*Allied Fidelity Insurance Co. v. Lamb* (Ind. App. 1977), 361 N.E.2d 174; *Barfield v. Insurance Company of North America* (1968), 59 Tenn. App. 631, 443 S.W.2d 482; *Gavin v. Motor Vehicle Accident Indemnification Corp.* (1968), 57 Misc. 2d 335, 292 N.Y.S.2d 745.) Since following these cases, if the object which hit the insured's windshield had been a rock kicked up by a tire of the unidentified truck coverage would exist, it would be illogical to deny coverage when the object propelled by the truck was part of the truck itself. After all, as pointed out in *Adams v. Zajac* (1981), 110 Mich. App. 522, 528, 313 N.W.2d 347, 349:

> "*** the 'physical contact' takes place when a vehicle or an integral part of it comes into physical contact with another vehicle. Whether the part is still attached or comes to rest after being detached from the vehicle makes little difference in principle, although in the latter case it might present some difficulties, as are present here, in carrying the burden of proof. In the final analysis, in every accident it is always a part of the vehicle which comes in contact with another vehicle, never the whole vehicle."

We are aware that in three cases coverage was denied where the insured vehicle collided with a tire or tire assembly. (*Government Employees Insurance Co. v. Goldschlager* (1974), 44 App. Div. 2d 715, 355 N.Y.S.2d 9; *Kersten v. Detroit Automobile Inter-Insurance Exchange* (1978), 82 Mich. App. 459, 267 N.W.2d 425, *appeal denied* (1978), 403 Mich. 845; *Blankenbaker v. Great Central Insurance Co.* (1972), 151 Ind. App. 693, 281 N.E.2d 496.) *Goldschlager* is the only case which apparently involved a tire bounding off of another vehicle. In that case there was no true majority opinion. The court simply ruled there was no coverage on the basis of *Smith v. Great American*

*Insurance Co.* (1971), 29 N.Y.2d 116, 324 N.Y.S.2d 15, 272 N.E.2d 528, which had held that there was no contact where ice and snow became dislodged from one vehicle hitting another. (*Goldschlager* has been criticized in 8C Appleman, Insurance Law & Practice sec. 5095.45, at 428 (1981), which pointed out that a bounding wheel just off a vehicle later found abandoned near the scene of the accident is clearly an integral part of a hit-and-run vehicle.) In both *Kersten* and *Blankenbaker* the insured vehicle struck a tire assembly lying in the roadway. The courts denied recovery in those cases holding that there was insufficient connection with any unidentified vehicle; at best it could only be inferred that the tire was dropped from a vehicle. *Blankenbaker* was limited by its facts. (*Allied Fidelity Insurance Co. v. Lamb* (Ind. App. 1977), 361 N.E.2d 174.) *Lamb* expressly held that, contrary to *Blankenbaker*, there need not be a direct physical touching between the hit-and-run automobile and the insured automobile in all instances before the physical contact condition is satisfied. *Kersten* was disapproved of in *Adams v. Zajac* (1981), 110 Mich. App. 522, 313 N.W.2d 347, which held under similar factual circumstances that the indirect physical contact satisfied the requirement of the statute.

*Curtis v. Birch* (1983), 114 Ill. App. 3d 127, 448 N.E.2d 591, relied on by the insurer is not in point. In *Curtis,* the insured was shot by the driver of an uninsured motor vehicle. The court found no causal connection between the automobile and the injury. As the court pointed out, the assailant could have carried out his intentions from a bicycle or on foot and the fact he was in a car was merely incidental. Indeed, while the court did refer to the necessity of contact in a hit-and-run situation, the reference was purely *dictum.* Since the driver was known, the insured, had the accident arisen out of the use of an automobile, could have recovered simply by proving the driver was uninsured. It is only necessary to establish contact when the driver is unknown, thus rendering it impossible to prove that the driver was uninsured. *Ward v. Allstate Insurance Co.* (Mo. 1974), 514 S.W.2d 576; 8C Appleman, Insurance Law & Practice sec. 5095.65 (1981).

■ It follows from the foregoing discussion that the trial court erred in ruling that there could be, assuming the facts are as alleged, no coverage under the insurer's policy. Accordingly, we reverse and remand the cause for further proceedings, including arbitration if not waived by the parties.

Reversed and remanded.

JIGANTI and LINN, JJ., concur.