(No. 61391.—

DEBORAH LEMKE, Appellant, v. KENILWORTH IN-SURANCE COMPANY, Appellee.

*Opinion filed December 20, 1985.*

SIMON, J., specially concurring.

William H. Wake and Bruce F. Bowman, of Aurora, for appellant.

No appearance for appellee.

Lord, Bissell & Brook, of Chicago (Richard E. Mueller, Hugh C. Griffin and Diane I. Jennings, of counsel), for intervenor-appellee Illinois Insurance Guaranty Fund.

JUSTICE MORAN delivered the opinion of the court:

Plaintiff, Deborah A. Lemke, filed an unverified two-count complaint against defendant, Kenilworth Insurance Company, in the circuit court of Kane County. The action was for a breach of the uninsured-motorist provision of an automobile liability policy in force between the parties. Thereafter, plaintiff filed an unverified amended four-count complaint. On motion of the defendant, the circuit court dismissed the amended complaint with prejudice. On appeal the appellate court, in a Rule 23 order, affirmed. (128 Ill. App. 3d 1158.) We granted plaintiff's petition for leave to appeal.

Plaintiff raises two issues. First, we are asked to overrule this court's decision in *Ferega v. State Farm Mutual Automobile Insurance Co.* (1974), 58 Ill. 2d 109, and hold that a policy requirement of physical contact as a condition precedent to recovery in accidents between an insured and an unidentified, unapprehended vehicle is

void as against public policy. Second, we are asked to find error in the circuit court's dismissal of plaintiff's amended complaint.

This case arose as a result of an accident occurring in December 1980. Plaintiff filed a claim with defendant for her injuries pursuant to the uninsured-motorist provision. Defendant denied the claim, citing the policy's provision that recovery under her uninsured-motorist provision requires "physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident." Plaintiff's suit followed.

Plaintiff alleged in her original complaint that the accident was caused when an unidentified and unapprehended vehicle turned across her path of travel. She further alleged that her vehicle struck a utility pole as she attempted to avoid colliding with the second vehicle. Plaintiff's original complaint did not allege physical contact between her vehicle and the second vehicle. Plaintiff subsequently amended her complaint to include an allegation of physical contact with the second vehicle.

Defendant moved to dismiss the amended complaint. As to that count of the amended complaint which did not allege physical contact, defendant argued that the decision in *Ferega* precluded plaintiff's recovery absent physical contact between her vehicle and the second vehicle. As to that count of the amended complaint which alleged physical contact, defendant argued that, under the policy, arbitration was the proper forum to determine coverage and the extent of plaintiff's recovery, if any.

The circuit court addressed only the "no contact" count of plaintiff's amended complaint in dismissing the suit with prejudice. The court found the holding in *Ferega* dispositive. The court did not address the propriety of dismissing the "contact" count of plaintiff's amended complaint because plaintiff did not raise a spe-

cific challenge to the dismissal of that count.

The appellate court, in affirming, also addressed only the "no-contact" count of the amended complaint since, on appeal, plaintiff did not raise, as error, the dismissal of the "contact" count. The appellate court also found *Ferega* dispositive. Plaintiff's petition for rehearing was denied. In her petition for rehearing, plaintiff challenged, for the first time, the propriety of the circuit court's dismissal of the "contact" count of her amended complaint.

The factual predicate of plaintiff's "no-contact" count is indistinguishable from *Ferega*. There, the insured, seeking to recover under his uninsured-motorist coverage, sustained injuries when he attempted-to avoid striking an oncoming vehicle which had crossed into his lane of traffic; the other vehicle was and remained unidentified and unapprehended; the policy in force at the time of the accident required actual physical contact between the insured vehicle and a hit-and-run vehicle as a condition precedent to recovery; and there had been no physical contact between the insured and the hit-and-run vehicles. (*Ferega v. State Farm Mutual Automobile Insurance Co.* (1974), 58 Ill. 2d 109, 110.) *Ferega* held that a requirement of physical contact as a condition precedent to recovery under the terms of uninsured-motorist coverage was valid and enforceable. 58 Ill. 2d 109, 111-12.

Because plaintiff cannot distinguish her case from *Ferega*, she asks that we overrule it and hold that a requirement of physical contact is void as against public policy absent express statutory language requiring such contact. Plaintiff points to the statutory provision mandating coverage to protect insured drivers against losses occasioned by uninsured and hit-and-run vehicles. (Ill. Rev. Stat. 1979, ch. 73, par. 755a.) From its original enactment, the legislature has not defined the term hit-

and-run vehicle (Ill. Rev. Stat. 1963, ch. 73, par. 755a). Plaintiff contends that the absence of a definition of hit-and-run vehicle manifests the legislature's intent to avoid imposing any conditions which would limit recovery. Plaintiff concludes that the requirement of physical contact is a limitation on recovery in contravention of the broad remedial policy behind the coverage mandated by section 143a of the Illinois Insurance Code (Ill. Rev. Stat. 1983, ch. 73, par. 755a). In response, defendant urges that we reaffirm *Ferega* because the legislature has impliedly adopted its holding and reasoning.

*Ferega* was decided in 1974. Since then, the legislature has amended section 143a eight times. (See Ill. Ann. Stat., ch. 73, par. 755a, at 162 (Smith-Hurd Supp. 1985), for a listing of the amendments to section 143a since its reenactment effective October 1, 1973.) The first amendment went into effect July 1, 1978. The most recent amendment took effect September 19, 1984.

We believe that the legislature has been and continues to be conversant with *Ferega*. Absent evidence to the contrary, not present on this record, we presume that legislative inaction subsequent to *Ferega* indicates approval of the reasoning and holding in that case. (See, *e.g., People v. Foster* (1983), 99 Ill. 2d 49, 55; *Union Electric Co. v. Illinois Commerce Com.* (1979), 77 Ill. 2d 364, 380-81.) "The construction this court has placed upon [section 143a] has in effect become part of the [section], and a change in that construction by this court would amount to amending the statute. The power to accomplish this does not lie in the courts." (*Union Electric Co. v. Illinois Commerce Com.* (1979), 77 Ill. 2d 364, 381.) We therefore reaffirm *Ferega*.

As to plaintiff's second issue, she asserts that the trial court erred in dismissing the "contact" count of her amended complaint. Plaintiff, however, has waived this issue by her failure to raise it before the trial court. The

general rule in Illinois governing issues raised for the first time on appeal is clear. Issues concerning alleged error not raised in the trial court are waived and, therefore, cannot be raised for the first time on appeal. *Shell Oil Co. v. Department of Revenue* (1983), 95 Ill. 2d 541, 550; *People ex rel. Ball v. Anderson* (1961), 21 Ill. 2d 396, 402; *Hargrove v. Gerill Corp.* (1984), 124 Ill. App. 3d 924, 925.

Our review of the record indicates that plaintiff had ample opportunity to object in the trial court to dismissal of the "contact" count in her amended complaint. Yet, no objection was made. The record shows that the trial court held a hearing on defendant's motion to dismiss. During this hearing, plaintiff repeatedly argued that the question of coverage in the absence of physical contact was a matter of law to be decided by the court. However, counsel did not argue that the factual question of physical contact was also one for the trial court. In fact, this issue was raised for the first time in plaintiff's petition for rehearing in the appellate court. Consequently, the issue is waived. *People v. Mallett* (1970), 45 Ill. 2d 388, 397-98.

For the reasons stated, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

JUSTICE SIMON, specially concurring:

While I am in accord with the result reached here, I fear that the majority's explanation as to why the "contact" issue was waived may be relied upon as a precedent, and this would, in my judgment, be misleading. The majority states that the circuit judge "did not address the propriety of dismissing the 'contact' count" (109 Ill. 2d at 352), that the plaintiff failed to specifically challenge dismissal of that count, and therefore the issue is waived. This analysis, as I view it, misreads the rec-

ord. It also involves an incorrect application of the principle that an issue must be raised in the trial court in order to be preserved for review.

A separate count of plaintiff's amended complaint alleged that she was injured when her vehicle had physical contact with that of another motorist. The defendant's motion to dismiss raised the sufficiency of the entire complaint, including the "contact" count, on the ground that the contract of insurance required that the parties settle disputes by arbitration. At the hearing on defendant's motion, counsel for the insurance company specifically mentioned both the "contact" and "no contact" allegations of the complaint. The circuit judge expressly dismissed "the case (both counts)" with prejudice. Thus it is untenable to maintain that the circuit judge did not address the "contact" count.

This is the point on which I view the majority opinion as misleading. Inasmuch as the "contact" count was before the court, and the court ruled upon it, nothing further was required to preserve the issue for review. That plaintiff's argument centered on the "no contact" issue is irrelevant. This is not a case in which the plaintiff failed to object to the circuit court's procedures in dismissing the complaint. (See *Hargrove v. Gerill Corp.* (1984), 124 Ill. App. 3d 924.) Instead the claimed error resulted from the court's substantive ruling. Plaintiff therefore, contrary to the majority's reasoning, was entitled to raise the contact issue on her appeal. Nonetheless, by failing to raise the issue until the petition for rehearing in the appellate court, the plaintiff did finally waive it. *Village of Mundelein v. Taylor* (1985), 130 Ill. App. 3d 819, 825.