(No. 62541.

HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellee, v. STEPHEN W. LeJEUNE *et al.* (Stephen W. LeJeune *et al.*, Appellants).

*Opinion filed October 17, 1986.*

RYAN, J., special concurring.

Beermann, Swerdlove, Woloshin, Barezky & Berkson and Harvey L. Walner & Associates, Ltd., all of Chicago (Alvin R. Becker, Steven P. Garmisa and Norman E. Goldman, of counsel), for appellants.

Matthew J. Egan, of Chicago, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Stephen W. LeJeune and Johnny B. Jenkins (hereinafter referred to as defendants) appealed from the judgment of the circuit court of Cook County entered in favor of plaintiff, Hartford Accident and Indemnity Company, upon allowance of its motion for summary judgment. In this action plaintiff sought a declaratory judgment that a collision involving an automobile occupied by defendants was not covered by the uninsured-motorist provisions of an insurance policy issued by plaintiff to Headco Industries, Inc., owner of the automobile. The appellate court affirmed in a Rule 23 order (103 Ill. 2d R. 23; 136 Ill. App. 3d 1155), and we allowed defendants' petition for leave to appeal (103 Ill. 2d R. 315(a)). Ronald Davis and Headco, named as defendants in plaintiff's complaint, did not petition for leave to appeal and are no longer parties to this litigation. The facts are undisputed.

On November 1, 1981, plaintiff issued to Headco, by whom defendants were employed, an automobile insurance policy for the period November 1, 1981, through November 1, 1982. On February 16, 1982, defendant LeJeune, accompanied by defendant Jenkins, was driving a station wagon owned by Headco east on the Eisenhower Expressway near the Cicero Avenue exit, when an eastbound, unidentified vehicle struck the rear of an automobile driven by Ronald Davis, also traveling east, causing it to strike the station wagon occupied by defendants.

Defendants filed claims with plaintiff under the uninsured-motor-vehicle provision of the policy. Plaintiff denied coverage of the claims because the automobile was not "hit" by an uninsured motor vehicle as defined in the insurance policy, which provides:

"3. 'Uninsured motor vehicle' means a land motor vehicle or trailer:

\* \* \*

c. Which is a hit-and-run vehicle and neither the driver nor owner can be identified. The vehicle must hit an insured, a covered auto or a vehicle an insured is occupying."

Defendants initiated arbitration proceedings in accordance with the policy provision, and thereafter plaintiff filed this action for declaratory judgment. The circuit court, holding that the station wagon occupied by defendants was not "hit" by the hit-and-run vehicle, as required by the policy provision, allowed plaintiff's motion for summary judgment. The appellate court affirmed.

Defendants contend that the cases cited by the appellate court (*Finch v. Central National Insurance Group* (1974), 59 Ill. 2d 123; *Ferega v. State Farm Mutual Automobile Insurance Co.* (1974), 58 Ill. 2d 109) are distinguishable in that in those cases there was no contact between the "hit-and-run" vehicle and any of the two vehicles involved in the collision. In contrast, he argues the evidence

here is undisputed that an unidentified vehicle struck the rear end of the Davis automobile, causing it to strike the rear of the Headco automobile. He cites a number of authorities from other jurisdictions which held that where the hit-and-run vehicle struck the intermediate car, thus transmitting the impact to the claimant's car, the claim was covered by the uninsured-motorist provision.

Plaintiff contends that the circuit court and appellate court correctly construed the policy provisions and that *Ferega* and *Finch* mandated the judgment entered.

In *Lemke v. Kenilworth Insurance Co.* (1985), 109 Ill. 2d 350, *Finch v. Central National Insurance Group* (1974), 59 Ill. 2d 123, and *Ferega v. State Farm Mutual Automobile Insurance Co.* (1974), 58 Ill. 2d 109, this court held that uninsured-motorist coverage was not applicable to an occurrence where there was no physical contact with the unidentified hit-and-run vehicle and the insured was injured in efforts to avoid such a collision. The precise issue presented here has not previously been considered by this court, but has been addressed by the courts of a number of other jurisdictions. (See Annot., 25 A.L.R.3d 1299 (1969), and cases cited therein.) For the most part, the opinions hold that when the unidentified vehicle strikes one vehicle which in turn collides with the insured's vehicle, uninsured-motorist coverage applies. (*State Farm Mutual Automobile Insurance Co. v. Spinola* (5th Cir. 1967), 374 F.2d 873; *Inter-Insurance Exchange v. Lopez* (1965), 238 Cal. App. 2d 441, 47 Cal. Rptr. 834; *Springer v. Government Employees Insurance Co.* (La. App. 1975), 311 So. 2d 36, *writ denied* (La. 1975), 313 So. 2d 598; *Lord v. Auto-Owners Insurance Co.* (1970), 22 Mich. App. 669, 177 N.W.2d 653; *Spaulding v. State Farm Mutual Insurance Co.* (1974), 262 S.C. 95, 202 S.E.2d 653; *Latham v. Mountain States Mutual Casualty Co.* (Tex. Civ. App. 1972), 482 S.W.2d 655, *error refused n.r.e.*; *Johnson v. State Farm*

*Mutual Automobile Insurance Co.* (1967), 20 Wash. 2d 587, 424 P.2d 648.) The rationale for so holding, although consistent, is somewhat varied. In *Inter-Insurance Exchange v. Lopez* (1965), 238 Cal. App. 2d 441, 47 Cal. Rptr. 834, the court analogized the "physical contact" provision of the uninsured-motorist law to the common law concept of "physical contact" involved in battery. Noting that the physical touching essential to a common law battery included any forcible contact brought about by any object or substance thrown or set in motion by the defendant, the court concluded that the "physical contact" requirement of the uninsured-motorist law did not require a direct touching of the unknown hit-and-run vehicle and the insured's automobile, and its requirements were met by contact with an intervening vehicle set in motion by the hit-and-run vehicle.

In *Lord v. Auto-Owners Insurance Co.* (1970), 22 Mich. App. 669, 672, 177 N.W.2d 653, 655, the court said:

> "It is clear that ever since the time of Sir Isaac Newton man has recognized and lived by certain physical laws of impact and motion. Accordingly, we hold *** that an insured party is covered where the impact of the hit-and-run car was transmitted to his car through an intermediate car. We find, as did Sir Isaac, that this acceptance of a fundamental property of natural phenomena is the more sensible and consistent view as regards transfer of impact through intermediate objects."

In *Illinois National Insurance Co. v. Palmer* (1983), 116 Ill. App. 3d 1067, the appellate court held that coverage was provided under the hit-and-run provision of an uninsured-motorist endorsement where the insured's vehicle was struck by a lug nut flying off a hit-and-run vehicle. Arguably, *Palmer* is factually distinguishable because there a small part of the hit-and-run vehicle struck the insured's automobile, whereas, here, no part of the hit-and-run automobile struck the insured's automobile.

We agree with the appellate court's statement in *Palmer* that "[t]he purpose of the requirement of contact, either in a statute or policy, is to reduce the potential for fraud in that otherwise an insured might simply lose control of his automobile and blame it on a nonexistent driver." (116 Ill. App. 3d 1067, 1069.) We also agree that "where there is a direct causal connection between the hit-and-run vehicle and the plaintiff's vehicle, which connection carries through to the plaintiff's vehicle by a continuous and contemporaneously transmitted force from the hit-and-run vehicle, recovery [should be] allowed. [Citation.]" 116 Ill. App. 3d 1067, 1069.

"[W]hen an insurer attempts to limit its liability under the uninsured motorist provision of its policy, such limitation must be construed liberally in favor of the policyholder, and most strongly against the insurer." (*Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167, 179.) We decline to amend the policy provision to require that the "hit" be direct. Consistent with the rule of *Squire*, we hold that coverage was provided defendants under the uninsured-motorist endorsement to the policy. We note further that because a "hit" must be proved, our decision does not enhance the ability of an insured to blame an occurrence on a "phantom" motorist.

For the reasons stated, the judgment of the appellate and circuit courts are reversed and the cause is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*

JUSTICE RYAN, specially concurring:

The insurance policy involved in this case uses language that is somewhat different from that used in the policies involved in the cases relied on by the majority opinion. Those policies required that there be "physical contact" between the hit-and-run vehicle and the person

injured or the vehicle in which he was riding. This seems to be the language used in the policies in most of the cases that have considered this question. (See Annot., 25 A.L.R.3d 1299, 1306 (1969); Annot., 25 A.L.R.3d 88-90 (1986 Supp.).) As noted in the majority opinion, the courts have generally found the requirement of physical contact satisfied when the hit-and-run driver strikes a third vehicle and it in turn strikes the plaintiff or the vehicle in which he is riding.

I believe that the use of the language in the policy in the case before us requiring that the hit-and-run vehicle "must hit" an insured was tailored to avoid the construction placed by the courts on the usual "physical contact" language found in the uninsured-motorist provisions in most policies. If this were solely a matter of construing the language of the insurance contract, one could find that there was an intention by the use of this different language to avoid the construction courts have placed on the language "physical contact."

We are not here dealing, however, solely with the contract of insurance. That contract must be construed in accordance with the requirements of section 143(a) of the Insurance Code (Ill. Rev. Stat. 1983, ch. 73, par. 755(a)). That section requires that the motor vehicle liability insurance policy provide for coverage for injuries by uninsured motorists and hit-and-run motor vehicles. The physical-contact requirement of insurance policies has been held not to be inconsistent with the public policy expressed in the statute. "[B]oth seem to be entirely consistent and to be aimed at the avoidance of fraudulent claims." (*Ferega v. State Farm Automobile Insurance Co.* (1974), 58 Ill. 2d 109, 111.) The purpose of the physical-contact requirement of the insurance policy, and of the statute, is to avoid the claim that a ghost vehicle forced the claimant from the highway, or in some other manner caused the accident.

I agree with the majority that the physical-contact requirement has been met in this case. However, I would further hold that any attempt to alter the language of the insurance policy so as to circumvent the holding of this case, and other cases which have construed such indirect contact as is involved here as satisfying the physical-contact requirement of the statute, to be violative of public policy. In other words, the indirect physical contact involved in this case satisfies the hit-and-run provisions of section 143(a) (Ill. Rev. Stat. 1983, ch. 73, par. 755(a)), and the policy of insurance must provide coverage. Language in the policy cannot be altered in an attempt to circumvent the statutory requirement as thus construed. Unless this is made clear, the language of the policies will simply be altered in such a manner so as to require some future opinion to again, through construction, hold that it does not avoid the requirements of section 143(a).