CHERYL K. BACHTELL, Plaintiff and Counterdefendant-Appellant, v. IL-
LINOIS FARMERS INSURANCE GROUP, Defendant and Counterplaintiff-
Appellee.

First District (1st Division)   No. 87—2060

Opinion filed November 7, 1988.

James A. Pope, of Riverside, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, Carol Proctor, and Lynn Dowd, of counsel), for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

██ This is an appeal of the trial court's order granting Farmers Insurance Group's (defendant's) motion for summary judgment on cross-petitions for declaratory judgment wherein Cheryl Bachtell (plaintiff) sought coverage under the uninsured motorist provision of her Farmers' insurance policy and defendant sought a determination that it had no duty to pay uninsured motorist benefits to plaintiff. Our function in reviewing the trial court's entry of a summary judgment order is to determine whether the trial court correctly ruled that no genuine issue of material fact had been raised and whether judgment was correctly entered for the moving party as a matter of law. (*Kelman v. University of Chicago* (1988), 166 Ill. App. 3d 137, 519 N.E.2d 708; *Coomer v. Chicago & North Western Transportation Co.* (1980), 91 Ill. App. 3d 17, 414 N.E.2d 865.) Since defendant adopted the facts as set forth in plaintiff's discovery deposition for purposes of its summary judgment motion, the sole issue presented on this appeal is whether the trial court correctly found that based upon these facts, defendant had no duty to pay uninsured motorist benefits to plaintiff as a matter of law.

On June 9, 1983, at approximately 5 p.m., as plaintiff was driving southbound on Des Plaines Avenue just south of Roosevelt Road in North Riverside, Illinois, an unidentified vehicle traveling northbound struck a truck driven by Bruce Watt from behind at an estimated speed in excess of 40 miles per hour. Following the contact with the unidentified vehicle, Watt's truck veered to the right. The truck's wheels then mounted the near curb, and the truck's front left tire burst. Immediately following the blowout, Watt's truck returned to the roadway, and veering left, it crossed three lanes of highway and struck plaintiff's vehicle on the other side of the road. These events occurred within four or five seconds, during which time the unidentified vehicle disappeared.

Defendant denied plaintiff's claim for her resulting bodily injuries on the ground that the "physical contact" requirement in the uninsured motorist provision of her insurance policy had not been satisfied. Upon hearing the parties' arguments on their cross-motions for summary judgment, the trial court concurred with defendant's denial of plaintiff's claim, finding no direct causal connection between the unidentified vehicle and the insured's vehicle because the force transmitted by the unidentified vehicle was not continuous and contempo-

raneous, as required by Illinois case law. The court based its conclusion on the fact that four or five seconds had elapsed between the collisions and the fact that the intermediary vehicle hit a curb and its tire burst before it collided with the insured's vehicle. We reverse.

In 1963, the Illinois legislature enacted section 143(a) of the Illinois Insurance Code, requiring that all policies of automobile liability insurance include coverage for bodily injury or death in specified amounts "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles." (Ill. Rev. Stat. 1983, ch. 73, par. 755(a).) Insurance companies responded by including in the uninsured motorist provisions of their policies a requirement of physical contact between the disappearing vehicle and the insured or the automobile of the insured. This physical contact requirement was upheld by the Illinois Supreme Court in *Ferega v. State Farm Mutual Automobile Insurance Co.* (1974), 58 Ill. 2d 109, 111, 317 N.E.2d 550, 552.

In *Ferega*, the plaintiff sustained injuries when his vehicle hit a culvert as he attempted to avoid an oncoming vehicle in his own lane of travel. The supreme court held that the policy's provision requiring physical contact between the unidentified vehicle and the insured or his vehicle was not void as against public policy. Such provisions and the statute, the court stated, are not inconsistent, as both are aimed at the avoidance of fraudulent claims. (58 Ill. 2d at 111, 317 N.E.2d at 552.) In reaching this conclusion, the court noted that the legislature did not correct the appellate court's construction of section 143(a) in *Prosk v. Allstate Insurance Co.* (1967), 82 Ill. App. 2d 457, 461, 226 N.E.2d 498, 500, wherein the court had ruled that section 143(a) was not intended to cover circumstances where an unidentified vehicle is present at the scene of an occurrence of bodily injury without a physical contact of the unidentified vehicle with the insured's vehicle. 58 Ill. 2d at 111, 317 N.E.2d at 552.

Thereafter, in *Hartford Accident & Indemnity Co. v. LeJeune* (1986), 114 Ill. 2d 54, 499 N.E.2d 464, the Illinois Supreme Court addressed a situation in which an intermediary vehicle that had been struck by an unidentified vehicle hit the insured's vehicle and the question of whether this indirect contact satisfied the contract's requirement that the plaintiff's automobile be "hit" by the uninsured motor vehicle. The court reviewed cases involving contracts with physical contact requirements from many jurisdictions which held that coverage applies under these circumstances. It then relied on the language in *Illinois National Insurance Co. v. Palmer* (1983), 116 Ill.

App. 3d 1067, 452 N.E.2d 707, and liberally construed the policy to allow recovery "where there is a direct causal connection between the hit-and-run vehicle and the plaintiff's vehicle, which connection carries through to the plaintiff's vehicle by a continuous and contemporaneously transmitted force from the hit-and-run vehicle." 114 Ill. 2d at 59, 499 N.E.2d at 466.

In the instant case, plaintiff contends that the trial court misapplied the *LeJeune* holding in denying her recovery. She argues that the supreme court did not intend such a restrictive construction of the physical contact provision as was given by the trial court. Defendant, on the other hand, maintains that the supreme court in *LeJeune* has already rejected plaintiff's expansive construction—that indirect contact alone satisfies the physical contact provision—by adding the requirement that there must be "a continuous and contemporaneously transmitted force" from the hit-and-run vehicle to the insured's vehicle. The trial court, defendant argues, properly found that there was no direct causal connection since intervening factors broke the continuous force transmitted by the unidentified vehicle and the time period between collisions indicates the force was not contemporaneous.

■ We agree with plaintiff that the supreme court did not intend that the language "continuous and contemporaneously transmitted force" would be so restrictively applied as to deny coverage in her case. First, there is no indication, as defendant suggests, that the supreme court has already considered and rejected plaintiff's construction of this policy provision. In finding coverage in the intermediary vehicle scenario, the *LeJeune* court did not mention the effect of intervening circumstances which alter the vehicle's route. Nor did the court expound upon the "continuous and contemporaneous" language.

■ Secondly, it is more logical to assume that the supreme court intended that its language would expand coverage rather than limit it. The court adopted the "continuous and contemporaneous" language in a case in which it expansively interpreted the contract provision to allow coverage. In addition to liberally construing the contract provision in the case before it, the court also restated the rule that when an insurer attempts to limit the uninsured motorists provision of its policy, the limitation must be construed liberally in favor of the policyholder and most strongly against the insured. (114 Ill. 2d at 59, 499 N.E.2d at 466.) Thus, the court's holding in *LeJeune* and its language suggest that the court intended that its "continuous and contemporaneous" language would expand coverage.

■ Finally, we reject defendant's argument that the trial court's construction of the contract is necessary to prevent fraudulent claims.

The supreme court in *LeJeune* noted the policy consideration of reducing the potential for fraud, but reasoned that because plaintiff must prove the "hit," its holding would not enhance the ability of an insured to blame an occurrence on a "phantom" motorist. This reasoning is not made inapplicable by intervening circumstances which affect the route of the intermediary vehicle. Plaintiff must still prove the physical contact between the three vehicles. The circumstances which occurred in the instant case do not categorize it with cases where no direct or indirect physical contact exists and the insurer has no objective evidence to disprove the plaintiff's allegation.

It is noteworthy that the cases from which the supreme court adopted the "continuous and contemporaneous" language involve contact between the insured's vehicle and a detached piece of the unidentified car. (*Illinois National Insurance Co. v. Palmer* (1983), 116 Ill. App. 3d 1067, 452 N.E.2d 707; *Kersten v. Detroit Automobile Inter-Insurance Exchange* (1978), 82 Mich. App. 459, 267 N.W.2d 425, *appeal denied* (1978), 403 Mich. 845.) Under these circumstances, the language clearly prevents coverage where the detached object is lying idle in the roadway since, like the scenario where the insured is injured in an attempt to avoid an unidentified vehicle, there is a lack of objective evidence showing the unidentified vehicle was the original transmitter of the force causing the accident and only inferential evidence linking the disappearing vehicle and the plaintiff's vehicle. (See *Kersten v. Detroit Automobile Inter-Insurance Exchange* (1978), 82 Mich. App. 459, 472, 267 N.W.2d 425, 431, *appeal denied* (1978), 403 Mich. 845.) Contrarily, where the unidentified vehicle makes physical contact with an intermediary vehicle, the language should not prevent coverage since there is objective evidence from which the defendant may disprove plaintiff's allegation.

Therefore, based upon the factual circumstances involved in the instant case, the trial court incorrectly found as a matter of law that defendant had no duty to pay uninsured motorist benefits to plaintiff. Moreover, the trial court erred in denying plaintiff's summary judgment motion. While the mere filing of cross-motions for summary judgment does not establish the absence of an issue of material fact and the trial court must still independently determine whether such an issue exists (*Anna National Bank v. Prater* (1987), 154 Ill. App. 3d 6, 506 N.E.2d 769; *Beverly Bank v. Alsip Bank* (1982), 106 Ill. App. 3d 1012, 436 N.E.2d 598), an independent examination of the record here does not reveal any issue of material fact.

◼ Although defendant denied plaintiff's factual allegations in its answer to plaintiff's complaint for declaratory judgment, defendant

did not controvert the facts contained in plaintiff's and Watt's discovery depositions which were attached to plaintiff's summary judgment motion. It is established that if the party moving for summary judgment supplies facts which, if not contradicted, would entitle such party to a judgment as a matter of law, the opposing party cannot rely upon his complaint or answer alone to raise genuine issues of material fact. (*Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457; *Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 272 N.E.2d 497; *Bezin v. Ginsburg* (1978), 59 Ill. App. 3d 429, 375 N.E.2d 468.) Accordingly, we reverse the trial court's order granting defendant summary judgment and remand with directions to the trial court to enter summary judgment in favor of plaintiff.

Reversed and remanded with directions.

CAMPBELL, P.J., and MANNING, J., concur.