THE VILLAGE OF SOUTH HOLLAND, Plaintiff-Appellant, v. CALUMET AUTO TRUCK PLAZA, Defendant-Appellee.

First District (6th Division)   No. 1—89—2880

Opinion filed April 20, 1990.

Buikema, Hiskes, Dillner, O'Donnell & Marovich, Ltd., of South Holland (Michael J. Marovich and Ronald Buikema, of counsel), for appellant.

Law Offices of Bruce M. Bozich, of South Holland (Bruce M. Bozich and Clifford Lee Gunter, of counsel), for appellee.

PRESIDING JUSTICE LaPORTA delivered the opinion of the court:

Plaintiff, the Village of South Holland, brought this action to recover a fine against defendant, Calumet Auto Truck Plaza, alleging that defendant had violated a village ordinance which prohibited the

sale of merchandise on Sunday. Defendant filed a motion to dismiss the action, asserting that the plaintiff was precluded from prosecuting the instant claim under the doctrine of estoppel by judgment. The trial court granted defendant's motion to dismiss the action, finding that defendant's conduct did not fall within the purview of the village ordinance. Plaintiff appeals, contending that the trial court erred in granting defendant's motion to dismiss.

In its complaint, plaintiff asserted that defendant's sale of a six-pack of cola and an eight-ounce bag of potato chips on February 5, 1989, violated a village ordinance prohibiting the sale of merchandise on Sunday.

The village ordinance in effect on February 5, 1989, provided, in relevant part:

"(a) Wholesale and retail mercantile and merchandising establishments. It shall be unlawful for any person to engage in the business of selling, dispensing, renting or distributing, at wholesale or retail, goods, wares or merchandise of any kind or description from an established place of business on the first day of the week commonly called Sunday within the village, provided that this subsection shall not be applicable to works of charity or to the sale of drugs or medicine, the sale or dispensing of articles of food and drink for human consumption from vending machines, the sale or dispensing of articles of food and drink for human consumption from premises whose sole purpose is the daily preparation of food and drink for retail sale to the public, and intent being to allow food and drink dispensing from retail establishments that are commonly known as restaurants, provided further that the sale of said food and drink shall not be allowed from a drive-through facility on Sunday and all drive-through facilities dispensing food and drink shall remain closed, the sale and distribution of newspapers and magazines the sale of milk, ice cream, ice, gasoline, lubricating oil, or the sale of articles and products necessary to meet the emergency needs of the public on Sunday in the village." South Holland, Ill., Code ch. 9, art. I, §9—3(a) (1988).

Defendant brought a motion to dismiss the action, asserting that plaintiff was precluded from prosecuting the instant claim under the doctrine of estoppel by judgment. Defendant's motion alleged that on September 15, 1989, the trial court had presided over a trial in which defendant had been charged with violating the ordinance cited above. The motion alleged further that at the conclusion of that trial, the court found defendant not guilty of violating the village ordinance at

issue, basing its ruling upon the "unique and multi-faceted nature" of the defendant's business. Defendant argued that the court's prior ruling on September 15, 1989, prevented the plaintiff from bringing subsequent actions alleging similar conduct by defendant.

At the hearing on the motion to dismiss, the trial court disregarded defendant's argument predicated upon the doctrine of estoppel by judgment but granted the motion, finding that the sale of the six-pack of cola and the eight-ounce bag of potato chips did not fall within the purview of the village ordinance.

On appeal, the plaintiff has conceded that the trial court's ruling regarding the eight-ounce bag of potato chips was appropriate, but challenges the decision regarding the six-pack of cola. Plaintiff contends that the trial court erred in granting defendant's motion to dismiss because defendant failed to establish that the doctrine of estoppel by judgment applied and because a genuine issue of material fact existed as to whether the conduct of the defendant fell within the established exceptions to the village ordinance prohibiting the sale of merchandise on Sunday.

■ Initially, we note that although defendant's motion to dismiss was predicated upon the doctrine of estoppel by judgment, the trial court disregarded this argument in ruling on the motion. The record reflects that no objection was raised by counsel for either party. Consequently, both parties acquiesced to the court's approach to the motion and waived any possible objection to the procedure followed by the court below. (*Lemke v. Kenilworth Insurance Co.* (1985), 109 Ill. 2d 350, 354-55, 487 N.E.2d 943, 945-46.) Therefore, plaintiff cannot now claim that the court's ruling should be reversed because defendant failed to establish that the doctrine of estoppel by judgment applied.

■ In addition, we find that plaintiff has waived the right to object to the trial court's failure to hold an evidentiary hearing. Plaintiff contends that a genuine question of fact existed as to whether a six-pack of cola would normally be sold at a restaurant and argues that the court erred in deciding this issue without allowing plaintiff to submit evidence thereon. Yet, careful review of the record reveals that plaintiff never requested an opportunity to present evidence on this issue, did not object to the court's ruling on the basis that an evidentiary hearing had not been held, and declined the court's invitation to make a motion for reconsideration.

■ Because plaintiff did not request the opportunity to submit evidence and did not object to the trial court's failure to hold an evidentiary hearing, review of this issue has been waived on appeal, and

we need not address it here. (*Lemke*, 109 Ill. 2d at 354-55, 487 N.E.2d at 945-46.) We find, however, that on the record before us, the trial judge could rule on the question of whether the items sold by defendant fell within the restaurant exception in the village ordinance and that his doing so does not constitute reversible error.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McNAMARA and EGAN, JJ., concur.