# Illinois Official Reports

## Appellate Court

---

### *Allstate Fire & Casualty Insurance Co. v. Bochenek*, 2017 IL App (1st) 170277

---

| | |
|---|---|
| Appellate Court Caption | ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, Plaintiff-Appellee, v. WOJCIECH BOCHENEK, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-17-0277 |
| Filed | September 29, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 16-CH-10462; the Hon. Kathleen M. Pantle, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Walter Z. Rywak, of Chicago, for appellant.<br><br>Dean Haritos and Cynthia Ramirez, of Morse Bolduc & Dinos, LLC, of Chicago, for appellee. |
| Panel | JUSTICE HYMAN delivered the judgment of the court, with opinion.<br>Presiding Justice Neville and Justice Mason concurred in the judgment and opinion. |

¶ 1 Wojciech Bochenek was crossing the street with his wife, Barbara, and daughter when Barbara was struck and seriously injured by a hit and run driver. Barbara filed a claim with her insurer, Allstate Fire and Casualty Insurance Company, which paid her $100,000, the limit on her uninsured motorist coverage. Wojciech, who was fortunate to avoid being hit, also filed a claim under the policy for post-traumatic stress disorder (PTSD) and its physical manifestations, which he experienced after the accident. Allstate filed a declaratory judgment action against Wojciech seeking a declaration that he was not entitled to uninsured motorist benefits because he was not physically contacted by the hit and run vehicle, the $100,000 per person policy limit payable under the policy's uninsured motorist provision had been met, and he did not qualify as an insured person for medical payments coverage under the policy. The parties filed cross-motions for summary judgment. The trial court granted Allstate's motion and denied Wojciech's motion.

¶ 2 Wojciech has appealed the trial court's entry of summary judgment against him. We conclude that the trial court correctly found that the absence of physical contact between Wojciech and the hit and run vehicle precluded his recovery under the uninsured motorist provision of the policy and affirm on that basis.

¶ 3                                  Background

¶ 4 On the evening of February 24, 2015, Wojciech Bochenek, his wife Barbara Bochenek, and their daughter were crossing Harlem Avenue in Chicago. Barbara entered the intersection first and was struck by a hit and run driver traveling at a high rate of speed. Barbara was thrown into the air and landed on the sidewalk. Wojciech, walking behind Barbara, was not struck and suffered no actual physical injury.

¶ 5 Barbara filed an uninsured motorist claim with Allstate, which paid her $100,000, the uninsured policy limits for her claim. Wojciech also made a claim with Allstate seeking uninsured motorist benefits and medical payments for the PTSD and accompanying symptoms, including shortness of breath, heart palpitations, dizziness, and loss of sleep that he experienced after the accident.

¶ 6 At the time of the accident, Barbara and the couple's daughter had an automobile insurance policy with Allstate. The policy included uninsured motorist coverage. Under the policy, an uninsured auto included a hit and run vehicle that causes "bodily injury to an insured person by physical contact with the insured person or with a vehicle occupied by that person." The policy defines an insured person as the policyholder, a "resident relative" of the policy holder, and any person who is legally entitled to recover because of bodily injury to the policyholder, a resident relative, or an occupant of the insured auto with permission. Allstate concedes Wojciech was an insured person under the policy.

¶ 7 Allstate, which denied it owed Wojciech uninsured motorist benefits or medical payments under the policy, filed a three count complaint for declaratory judgment. Allstate sought a declaration that (i) only Barbara sustained a bodily injury as a result of the accident, that Wojciech's emotional damages claim was derivative of his wife's bodily injury, and the $100,000 per person policy limit payable under the policy's uninsured motorist provision had been met (count I); (ii) Wojciech was not entitled to uninsured motorist coverage under the

policy because he was not was physically contacted by the hit and run vehicle (count II); and (iii) Wojciech did not qualify as an insured person for medical payments coverage under the policy as he was not in, getting into or out, occupying, or operating an automobile at the time of the accident and was not struck (count III).

¶ 8    The parties filed cross-motions for summary judgment. The trial court entered summary judgment for Allstate and against Wojciech, finding (i) the insurance policy to be clear and unambiguous, (ii) Wojciech's PTSD and accompanying physical symptoms did not fall within the definition of "bodily injury" under the policy or Illinois law, (iii) the insurance policy and Illinois law provides uninsured motorist compensation only if the insured was physically contacted by the hit and run vehicle, and Wojciech was not, and (iv) the uninsured motorist coverage for the accident was exhausted by the payment of the limits of the policy to Barbara. The trial court also determined that Wojciech did not qualify as an insured person for purposes of medical payments coverage under the policy. Wojciech has abandoned this claim on appeal.

¶ 9    Proceeding only on the issues related to his uninsured motorist claim, Wojciech argues (i) Illinois law does not require physical contact between the insured and the uninsured vehicle in a hit and run accident, (ii) the physical contact requirement is intended to prevent fraudulent claims, which is not an issue because Barbara was hit by the uninsured vehicle, (iii) his injuries were caused by indirect contact with the uninsured vehicle, which is compensable under Illinois law, (iv) he was in the "zone of danger" when his wife was hit and should be able to recover for his injuries, and (iv) his injuries fall within the policy definition of "bodily injury."

¶ 10                                      Analysis

¶ 11   Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Virginia Surety Co. v. Northern Insurance Co. of New York*, 224 Ill. 2d 550, 556 (2007). In an insurance coverage case, cross-motions for summary judgment indicate the parties agree that no genuine of issues of material fact exist but dispute issues of law regarding the construction of the insurance policy. *Liberty Mutual Fire Insurance Co. v. St. Paul Fire & Marine Insurance Co.*, 363 Ill. App. 3d 335, 338-39 (2005). Our review is *de novo*. *Virginia Surety Co.*, 224 Ill. 2d at 556.

¶ 12   In construing an insurance policy, the primary function of the court is to ascertain and enforce the intentions of the parties as expressed in the policy. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 108 (1992). A court must afford unambiguous words their plain, ordinary, and popular meaning. *Insurance Co. of Illinois v. Stringfield*, 292 Ill. App. 3d 471, 473-74 (1997).

¶ 13   Wojciech's primary contention is that Illinois law does not require physical contact between the insured and the uninsured vehicle in a hit and run accident.

¶ 14   Part 5 of the policy provides, in pertinent part, "We will pay those damages an insured person is legally entitled to recover from the owner or operator of an uninsured auto because of bodily injury sustained by an injured person." An uninsured auto under the policy includes "a hit and run vehicle which causes bodily injury to an insured person by physical contact with the insured person or with the vehicle occupied by that person."

¶ 15   Wojciech does not contend that the policy is ambiguous as to whether the uninsured motorist clause requires physical contact but argues that the Illinois Insurance Code (Code) (215 ILCS 5/1 *et seq.* (West 2016)) does not require physical impact between the uninsured

vehicle and the insured and that a physical contact requirement is against public policy. See 215 ILCS 5/143a (West 2016) ("Uninsured and hit and run motor vehicle coverage"). In the seminal case, *Ferega v. State Farm Mutual Automobile Insurance Co.*, 58 Ill. 2d 109, 111 (1974), our supreme court held that physical contact was required under the Code to collect uninsured motorist coverage. In *Ferega*, while the plaintiff was driving at night on a two-lane highway, he turned his vehicle to the right to avoid an oncoming vehicle in his own lane of travel and struck a culvert. *Id.* at 110. Plaintiff tried to collect for his injuries under his policy's uninsured motorist clause, which defined a " 'hit-and-run motor vehicle' " as a vehicle " 'which cause[d] bodily injury to an insured arising out of physical contact of such vehicle with the insured or with a vehicle which the insured [was] occupying at the time of the accident.' " *Id.* The lower courts denied recovery because there had been no physical contact between the plaintiff's vehicle and the unknown hit-and-run motor vehicle as required under the policy.

¶ 16    In its ruling, the supreme court affirmed the lower courts and denied plaintiff's suggestion that the plain language of the statute and the policy should be judicially modified by altering the meaning of the word "hit" so that the element of physical contact was eliminated. *Id.* at 111. In support, the supreme court quoted the opinion in *Prosk v. Allstate Insurance Co.*, 82 Ill. App. 2d 457, 461 (1967), which stated that the Code " 'was not intended to include unidentified cars that may be present at the scene of an occurrence of bodily injury without a physical contact of the unidentified motor vehicle with the insured or an automobile occupied by the insured.' " *Ferega*, 58 Ill. 2d at 111 (quoting *Prosk*, 82 Ill. App. 2d at 461). The supreme court also observed that the statute was "aimed at the avoidance of fraudulent claims." *Id.*

¶ 17    The supreme court reaffirmed *Ferega* in *Lemke v. Kenilworth Insurance Co.*, 109 Ill. 2d 350, 354 (1985) (noting legislature had amended section 143a eight times since *Ferega*, and thus, "legislative inaction subsequent to *Ferega* indicate[d] approval of the reasoning and holding in that case"). But the appellate courts in Illinois are divided about whether the supreme court intended a physical contact requirement to be permissible in a policy or required by the Code itself. For instance, in *Illinois National Insurance Co. v. Palmer*, 116 Ill. App. 3d 1067, 1069 (1983), the First District noted that "[i]t [was] well established in Illinois that an insured cannot recover under the hit-and-run provision of the uninsured motorist coverage unless there [was] a physical contact of the unidentified motor vehicle with the insured or an automobile occupied by the insured." (Internal quotation marks omitted.). Similarly, in *Kannel v. State Farm Mutual Automobile Insurance Co.*, 222 Ill. App. 3d 1013, 1016 (1991), the Second District determined that "our supreme court ha[d] upheld the validity of insurance policies affording coverage for personal injuries in accidents caused by hit-and-run drivers only where the unknown vehicle makes physical contact with the insured or his vehicle."

¶ 18    But, the Third District, as Wojciech notes, has rejected the argument that an insured must be contacted by the hit and run vehicle to recover uninsured motorists benefits. In *Groshans v. Dairyland Insurance Co.*, 311 Ill. App. 3d 876, 879 (2000), the Third District "found that Illinois law [did] not require actual physical contact but merely permit[ted] an insurance policy to require such contact." See also *Cincinnati Insurance Co. v. Prichett*, 2015 IL App (3d) 130809, ¶ 20 (reaffirming *Groshans* and noting that legislature amended the Code after *Groshans* was issued and did not invalidate *Groshans* or clarify that coverage applies only in cases of physical contact).

¶ 19        Wojciech suggests *Groshans* and *Pritchett* support his argument that he may recover under the uninsured motorist provision of the policy even though he was not physically contacted by the hit and run automobile. The assertion is misplaced. Even if we were to adopt the rationale of *Groshans* and *Pritchett* (which we do not), Wojciech still is not entitled to uninsured motorist benefits under the policy—the policy explicitly requires physical contact between an insured and the hit and run vehicle. While both *Groshans* and *Pritchett* conclude that Illinois law does not *require* actual physical contact, they find that it is a permissible requirement in an insurance policy. Under the plain and unambiguous language of the Allstate policy, an insured must have been physically contacted by the hit and run vehicle. Wojciech was not and thus may not recover.

¶ 20        Wojciech argues that one of the primary purposes of the physical contact requirement, as noted in *Ferega*, is to prevent fraud, which is not an issue because it is undisputed that the hit and run driver ran into his wife, causing serious injuries. We agree. But that does not negate the policy's express requirement that there be physical contact to recover under the uninsured motorist provision.

¶ 21        Wojciech also notes that Illinois courts allow recovery for indirect physical contact when either an actual physical object from the hit-and-run vehicle indirectly strikes the insured's vehicle or the indirect contact is a result of a chain of events. See *Hartford Accident & Indemnity Co. v. LeJeune*, 114 Ill. 2d 54, 59 (1986) (supreme court declined "to require that the 'hit' be direct" when hit-and-run vehicle hit a third car, which then hit the insured's car); *Palmer*, 116 Ill. App. 3d at 1068, 1071 (where physical contact requirement was satisfied when lug nut flew off hit-and-run vehicle and hit insured's car). While Wojciech asks us to find his case analogous to *Hartford* and *Palmer*, there simply was no contact, direct or indirect, between him and the hit and run driver. Thus, he cannot recover under the uninsured motorist provision of the policy.

¶ 22        Because we find that Wojciech's claim is barred by the physical contact requirement of the policy, we need not address his contention that his physical and emotional injuries after the accident amount to "bodily injury" under the policy.

¶ 23        Affirmed.