(No. 46647.—

JAMES J. FINCH, Appellant, v. THE CENTRAL NATIONAL INSURANCE GROUP OF OMAHA, Appellee.

*Opinion filed November 18, 1974.*

Klockau, McCarthy, Lousberg, Ellison & Rinden, of Rock Island (Peter H. Lousberg, of counsel), for appellant.

Katz, McAndrews, Durkee & Telleen, of Rock Island (Peter C. Fieweger, of counsel), for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

The plaintiff, James J. Finch, brought this action in the circuit court of Rock Island County against the defendant, The Central National Insurance Group of Omaha, seeking to recover damages under the uninsured-motorist clause in an insurance policy issued by the defendant to the plaintiff.

The complaint alleged that the plaintiff had suffered injuries when a westbound automobile driven by Guadalupe Narvaez, which had been forced to cross the center line of a street in the city of Moline by a vehicle negligently driven by an unidentified driver, struck the motorcycle which the plaintiff was riding in an easterly

direction. The unidentified driver had continued on, leaving the scene of the accident.

The complaint did not allege that there had been any physical contact between the vehicle driven by the unidentified driver and the vehicle driven by Narvaez or the plaintiff's motorcycle. The defendant moved to dismiss the complaint for failure to state a cause of action on the ground that the insurance policy issued to the plaintiff limited hit-and-run automobile coverage to accidents in which such physical contact had taken place.

The trial court granted the motion to dismiss, and the Appellate Court, Third District, affirmed. (17 Ill. App. 3d 822 (1974).) We granted leave to appeal.

In *Ferega v. State Farm Mutual Automobile Insurance Co.* (1974), 58 Ill.2d 109, the precise issue involved in the present case was resolved adversely to the plaintiff's position. There it was held that physical contact between the vehicle of the insured and that of the hit-and-run driver was required under the insurance policy and that the inclusion of a provision to that effect was valid under section 143a of the Illinois Insurance Code (Ill. Rev. Stat. 1969, ch. 73, par. 755a). Our decision in *Ferega* is controlling here.

The judgment of the appellate court is accordingly affirmed.

*Judgment affirmed.*