DIANE P. SCANLAN *et al.*, Plaintiffs-Appellants, v. MARYLAND CASU-
ALTY INSURANCE COMPANY, Defendant-Appellee.

Second District   No. 2—89—1289

Opinion filed September 21, 1990.

Joseph C. Fenech and D. Scott Boomershine, both of Fenech, Toussaint, Boomershine & Barts, P.C., of Oakbrook Terrace (Bruce W. Craig, of counsel), for appellants.

Timothy J. Fagan, of Querrey & Harrow, Ltd., of Chicago (Victor J. Piekarski, of counsel), for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Diane P. Scanlan, and her parents, William and Phyllis Scanlan, filed a declaratory judgment action in the circuit court of Du Page County seeking a determination as to whether plaintiff was entitled to uninsured motorist coverage for bodily injury under an automobile insurance policy issued by defendant, Maryland Casualty Insurance Company, to William and Phyllis Scanlan. The circuit court granted defendant's motion for judgment on the pleadings, finding that plaintiff was not entitled to coverage under the uninsured motorist provision of the policy where there was no physical contact between the vehicle plaintiff was driving and the unidentified vehicle which she swerved off the roadway to avoid.

The central issue on appeal is whether plaintiff is entitled to uninsured motorist coverage where there was no contact, direct or indirect, between her vehicle and an alleged hit-and-run vehicle.

The facts relevant to this appeal contained in the pleadings are as

follows. On June 20, 1987, plaintiff was driving east on Route 38 in De Kalb County, Illinois, when an unidentified motor vehicle swerved across the center line into plaintiff's lane of traffic. The unidentified vehicle collided with the vehicle immediately in front of plaintiff and then headed toward plaintiff's vehicle. Plaintiff was forced to swerve off the road and suffered personal injuries as a result. The unidentified vehicle did not stop, and the identity of its driver is unknown. Neither the unidentified vehicle nor the vehicle immediately in front of plaintiff made physical contact with plaintiff's vehicle.

Following the accident, plaintiff filed a claim with defendant as a family member covered under her parent's automobile insurance policy. Defendant paid plaintiff the policy limits under the medical payment provision but denied coverage under the policy's uninsured motorist provision. The uninsured motorist coverage at issue provides in pertinent part:

"A. We will pay damages which an 'insured' is legally entitled to recover from the owner or operator of an 'uninsured motor vehicle' because of 'bodily injury:'

\* \* \*

C. 'Uninsured motor vehicle' means a land motor vehicle or trailer of any type:

\* \* \*

3. Which is a hit and run vehicle whose operator or owner cannot be identified and which hits:

  a. you or any 'family member;'

  b. a vehicle which you or any 'family member' are 'occupying;' or

  c. 'your covered auto.' "

In lieu of filing an answer, defendant filed a motion for judgment on the pleadings pursuant to section 2—615(e) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615(e)). Following the submission of written memoranda by the parties, the circuit court granted defendant's motion, finding that under existing case law physical contact by the hit-and-run vehicle with the insured's vehicle was required before plaintiff could recover for personal injury under the uninsured motorist provisions of the policy.

Plaintiff first contends on appeal that the policy limitation requiring that a hit-and-run vehicle actually "hit" an insured's vehicle before the insured can recover for personal injuries under the uninsured motorist provision is contrary to the language in that part of section 143a of the Illinois Insurance Code (Insurance Code) (Ill. Rev. Stat. 1987, ch. 73, par. 755a), which only allows such a limitation to apply to

claims for property damage under section 143a(2)(i) as follows: "[a]n insurance company issuing uninsured motor vehicle property damage coverage may provide that: (i) Property damage losses recoverable thereunder shall be limited to damages caused by the actual physical contact of an uninsured motor vehicle with the insured motor vehicle." Ill. Rev. Stat. 1987, ch. 73, par. 755a(2)(i).

Section 143a of the Insurance Code requires uninsured motorist coverage be provided in automobile insurance policies and states, in pertinent part, as follows:

"755a. Uninsured or hit and run motor vehicle coverage

§143a. (1) On or after July 1, 1963, no policy insuring against loss resulting from liability imposed by law for *bodily injury* or *death* suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be renewed or delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Section 7–203 of The Illinois Vehicle Code for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom, except that the named insured shall have the right to reject such coverage only on policies delivered, renewed or issued for delivery before July 1, 1967. ***

(2) On or after January 1, 1985, no policy insuring against loss resulting from liability imposed by law for *property damage* arising out of the ownership, maintenance or use of a motor vehicle shall be renewed or delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State, which motor vehicle is used as a private passenger or recreational vehicle and is not covered by collision insurance under the provisions of such policy, unless coverage is made available in the amount of the actual cash value of the motor vehicle described in the policy or $10,000, whichever is less, subject to a $250 deductible, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of property damage to the motor vehicle described in the policy.

There shall be no liability imposed under the uninsured motorist property damage coverage required by this subsection if the

owner or operator of the at-fault uninsured motor vehicle or hit-and-run motor vehicle cannot be identified. This subsection shall not apply to any policy which does not provide primary motor vehicle liability insurance for liabilities arising from the maintenance, operation, or use of a specifically insured motor vehicle.
\* \* \*

An insurance company issuing uninsured motor vehicle property damage coverage may provide that:

(i) Property damage losses recoverable thereunder shall be limited to damages caused by the *actual physical contact* of an uninsured motor vehicle with the insured motor vehicle.

(ii) There shall be no coverage for loss of use of the insured motor vehicle and no coverage for loss or damage to personal property located in the insured motor vehicle." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 73, par. 755a.

■■ It is clear that section 143a(1) requires that policies insuring against losses resulting from liability for bodily injury or death also must provide coverage for similar losses sustained by the insured which are caused by an uninsured or hit-and-run motorist. Decisions of our supreme court have determined that such policies may, consistent with the provisions of section 143a, require actual physical contact between the insured vehicle and an unidentified hit-and-run driver as a condition precedent to recovery. (*Lemke v. Kenilworth Insurance Co.* (1985), 109 Ill. 2d 350, 353, 487 N.E.2d 943; *Ferega v. State Farm Mutual Automobile Insurance Co.* (1974), 58 Ill. 2d 109, 111, 317 N.E.2d 550.) Plaintiff argues, however, that the legislature impliedly disavowed the physical-contact rule enunciated in these decisions by amending the statute in 1984 to require "physical contact" for property damage claims under section 143a(2) while omitting a physical-contact requirement for bodily injury claims under 143a(1). See Pub. Act 83—1465, eff. Sept. 19, 1984 (amending Ill. Rev. Stat. 1983, ch. 73, par. 755a).

■■ We believe that the absence in section 143a(1) of "physical contact" language such as that in section 143a(2)(i) does not indicate a legislative intention to alter the physical-contact rule set forth in the supreme court decisions. It is true that, as a matter of statutory construction, the expression of one thing in an enactment excludes any other even if there are no negative words prohibiting it. (*City Savings Association v. International Guaranty & Insurance Co.* (1959), 17 Ill. 2d 609, 612, 162 N.E.2d 345.) It is also true, however, that portions of a statute which have been judicially construed keep their same meaning in any subsequent amendments absent a clear legislative intent to

the contrary. *Harris Trust & Savings Bank v. Village of Barrington Hills* (1989), 133 Ill. 2d 146, 155, 549 N.E.2d 578.

■ We believe that if the legislature wished to express its disapproval of the physical-contact requirement in hit-and-run occurrences in bodily injury cases expressed in the supreme court decisions, it could easily have done so within section 143a(1), the provision which mandates uninsured motorist policies covering damages from bodily injury. Section 143a(2), which provides for optional uninsured motorist coverage of property damage, allows an insurance policy to require physical contact with the uninsured motor vehicle. (Ill. Rev. Stat. 1989, ch. 73, par. 755a(2)(i).) Such a physical-contact provision in an insurance policy covering property damage would apply to physical contact with an uninsured motor vehicle as well as to physical contact with an unidentified hit-and-run motor vehicle. This language in section 143a(2)(i), which provides for only optional uninsured motorist coverage for property damage, does not demonstrate a clear legislative intention to abandon the judicial interpretation of the physical-contact requirement for only hit-and-run motor vehicles in section 143a(1), which deals with bodily injury cases.

This conclusion is consistent with the supreme court's decision in *Lemke v. Kenilworth Insurance Co.* (1985), 109 Ill. 2d 350, 487 N.E.2d 943, where the court addressed the question of whether the legislature had rejected the judicial construction of the physical-contact requirement. The court examined all statutory amendments to section 143a through those taking effect September 19, 1984, which would have included the amendatory language which upon which plaintiff's argument rests in the instant case. The court concluded that "legislative inaction subsequent to *Ferega* indicates approval of the reasoning and holding in that case." *Lemke*, 109 Ill. 2d at 354, 487 N.E.2d at 945.

■ Plaintiff next argues that, because sections 11—401 and 11—403 of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, pars. 11—401, 11—403) require a driver involved in a motor vehicle accident resulting in personal injuries to stop, render aid, and provide information without distinguishing between accidents involving physical contact and those which do not, it would be inconsistent to read section 143a of the Insurance Code to require physical contact. We disagree. These two statutes address different concerns. In any event, the law is established, as cited above, that uninsured or hit-and-run vehicle coverage required by section 143a was not intended to include occurrences with unidentified vehicles without either direct or indirect physical contact with such vehicles. *Lemke*, 109 Ill. 2d at 353-54, 487 N.E.2d at 945; *Ferega*, 58 Ill. 2d at 111, 317 N.E.2d at 552.

■ We also disagree with plaintiff's next contention that the hit requirement was satisfied by physical contact between the hit-and-run vehicle and a third vehicle without any contact with plaintiff's vehicle, citing *Hartford Accident & Indemnity Co. v. LeJeune* (1986), 114 Ill. 2d 54, 499 N.E.2d 464. In *LeJeune*, the supreme court held that a physical-contact limitation did not preclude coverage where the hit-and-run vehicle struck a third vehicle which in turn struck the insured's vehicle and where there was a direct connection through to the insured's vehicle by a continuous and contemporaneously transmitted force from the hit-and-run vehicle. *LeJeune*, 114 Ill. 2d at 59, 499 N.E.2d at 466.

■ In the present case, however, plaintiff's vehicle was not physically contacted by the alleged hit-and-run vehicle, nor was it hit by the third vehicle as in *LeJeune*. Consequently, under the provisions of the uninsured motorist coverage, plaintiff was not entitled to recover for her personal injuries. We believe this result is consistent with the language of section 143a as well as those supreme court cases, including *LeJeune*, interpreting similar uninsured motorist provisions. Plaintiff asserts that the policy underlying *LeJeune* is to relax the physical-contact requirement whenever there is no likelihood that the insured has concocted the existence of a "phantom" hit-and-run driver to obtain a fraudulent recovery. Following this approach, however, would effectively eliminate the physical-contact rule which our supreme court has adopted. We, accordingly, reject plaintiff's further arguments that plaintiff's injuries were proximately caused by the hit-and-run vehicle because of its contact with the third vehicle and that the contact requirement violates public policy because it unfairly restricts plaintiff's opportunity to prove that a hit-and-run vehicle proximately caused her injuries.

Finally, plaintiff suggests that we follow recent decisions in other jurisdictions which have struck down insurer-imposed physical-contact requirements for uninsured motorist coverage under similar uninsured motorist statutes. We decline to do so, however, in view of the established precedent to the contrary in this State which it is our duty to follow. *Agricultural Transportation Association v. Carpentier* (1953), 2 Ill. 2d 19, 27, 116 N.E.2d 863.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

GEIGER and DUNN, JJ., concur.