DONNA KANNEL, Plaintiff-Appellant, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.

Second District    No. 2—91—0415

Opinion filed December 27, 1991.

Robert M. Buege, of May & Buege, Ltd., of Waukegan, for appellant.

Glen E. Amundsen and Michael Resis, both of Querrey & Harrow, Ltd., of Chicago, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Donna Kannel, plaintiff, appeals from an order of the circuit court of Lake county granting summary judgment in favor of defendant and denying plaintiff's cross-motion for summary judgment. We affirm. The sole issue on appeal is whether Kannel is entitled to coverage for bodily injury under the uninsured motorist provisions of her insurance policy with State Farm Mutual Automobile Insurance Company (State Farm), defendant, when there was no physical contact with the "uninsured" vehicle.

It is undisputed that on June 2, 1987, Kannel was driving in the left lane in a westerly direction on Warrenville Road, Lisle, Illinois. As she approached the intersection with Corporate Drive West, an unidentified vehicle made a sudden left turn in front of her, forcing Kannel to apply her brakes and swerve across the center line into oncoming traffic, resulting in a collision with a vehicle operated by Lisa A. Olisar and personal injuries to Kannel. There was no contact between the unidentified vehicle and Kannel. The hit-and-run driver left the scene of the accident and has not been apprehended.

Thereafter, Kannel filed a claim with State Farm under the uninsured motorist provisions of her policy, which provided in pertinent portion as follows:

*"UNINSURED MOTOR VEHICLE—COVERAGE U*

We will pay damages for *bodily injury* an *insured* is legally entitled to collect from the owner or driver of *an uninsured motor vehicle.* The *bodily injury* must be caused by accident arising out of the operation, maintenance or use of an *uninsured motor vehicle.*

*Uninsured Motor Vehicle*—means:

\* \* \*

2. a 'hit-and-run' land motor vehicle whose owner or driver remains unknown and which strikes:

a. the *insured*; or

b. the vehicle the *insured* is *occupying*[;] and causes *bodily injury* to the insured." (Emphasis in original.)

When State Farm denied coverage, Kannel filed a declaratory judgment action seeking a determination of the rights and liabilities of the parties under the uninsured motorist provisions of her policy. State Farm responded by filing an answer and subsequent motion for summary judgment asserting that Kannel is not entitled to uninsured motorist coverage because the terms and conditions of the policy require physical contact between Kannel's vehicle and the unknown vehicle. Following the submission of written memoranda by the parties, the circuit court granted summary judgment in favor of State Farm, and Kannel appealed.

■ At the time the contract for insurance between Kannel and State Farm was executed, section 143a of the Illinois Insurance Code required that all automobile insurance policies providing coverage for bodily injury and/or property damage include coverage in specified minimum amounts "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles." (Ill. Rev. Stat. 1987, ch. 73, pars. 755a(1), (2).) The statute further provided that "no liability [shall be] imposed under the uninsured motorist property damage coverage required by this subsection if the owner or operator of the at-fault uninsured motor vehicle or hit-and-run motor vehicle cannot be identified." (Ill. Rev. Stat. 1987, ch. 73, par. 755a(2).) Section 143(a) also allowed insurance carriers to limit uninsured motorist coverage for *property damage* to situations when there is physical contact between the insured and the uninsured motorist. (Ill. Rev. Stat. 1987, ch. 73, par.

755a(2)(i).) The statute, however, did not specifically provide that insurance carriers may choose to limit claims for *personal injuries.*

■ Nevertheless, our supreme court has upheld the validity of insurance policies affording coverage for personal injuries in accidents caused by hit-and-run drivers only where the unknown vehicle makes physical contact with the insured or his vehicle. (*Ferega v. State Farm Mutual Automobile Insurance Co.* (1974), 58 Ill. 2d 109.) In *Ferega,* the court denied recovery under the uninsured motorist provision of plaintiff's policy which included hit-and-run drivers as uninsured motorists and defined a hit-and-run vehicle as one " 'which causes bodily injury to an insured arising out of physical contact of such vehicle with the insured or with a vehicle which the insured is occupying at the time of the accident.' " (*Ferega,* 58 Ill. 2d at 110; see also *Finch v. Central National Insurance Group* (1974), 59 Ill. 2d 123 (where *Ferega* controlled dismissal of a complaint for failing to allege physical contact with an unidentified vehicle in an action seeking uninsured motorist coverage).) The *Ferega* court construed the terms of the insurance contract in accordance with the requirements of section 143a of the Illinois Insurance Code, finding the policy's terms to be "entirely consistent" with the statute's policy of avoiding fraudulent claims. *Ferega,* 58 Ill. 2d at 111.

Similarly, in *Lemke v. Kenilworth Insurance Co.* (1985), 109 Ill. 2d 350, our supreme court was faced with an opportunity to overrule *Ferega* and again upheld the validity of a provision in plaintiff's policy which required physical contact between the uninsured vehicle and the insured or her vehicle. (*Lemke,* 109 Ill. 2d at 354.) Although the plaintiff urged that the absence of a definition of a hit-and-run vehicle in the Illinois Insurance Code manifests the legislature's intent to avoid conditions which limit recovery, the court stated that it believes "the legislature has been and continues to be conversant with *Ferega.* Absent evidence to the contrary, *** we presume that legislative inaction subsequent to *Ferega* indicates approval of the reasoning and holding in that case." *Lemke,* 109 Ill. 2d at 354.

This court recently rejected a similar argument in *Scanlan v. Maryland Casualty Insurance Co.* (1990), 203 Ill. App. 3d 340, *appeal denied* (1990), 135 Ill. 2d 566. In that case, the plaintiff urged that the legislature impliedly disallowed the physical contact rule of *Ferega* and *Lemke* by amending the uninsured motorist statute in 1984 to require physical contact for property damage claims in section 143a(2), while omitting a physical contact requirement for bodily injury claims in section 143a(1). (See Pub. Act 83—1465, eff. Sept. 19, 1984 (amending Ill. Rev. Stat. 1983, ch. 73, par. 755a).) Following *Lemke,* the

*Scanlan* court stated that "the absence in section 143a(1) of 'physical contact' language as that in section 143a(2)(i) does not indicate a legislative intention to alter the physical-contact rule set forth in the supreme court decisions." (*Scanlan*, 203 Ill. App. 3d at 344.) We went on to reason "that if the legislature wished to express its disapproval of the physical-contact requirement in hit-and-run occurrences in bodily injury cases expressed in the supreme court decisions, it could have done so within section 143a(1), the provision which mandates uninsured motorist policies covering damages from bodily injury." *Scanlan*, 203 Ill. App. 3d at 345.

Plaintiff does not dispute that the physical contact rule remains in full force in Illinois. Instead, she asserts that it would be consistent with the spirit and intent of the uninsured motorist statute to carve out an exception to the general rule when there is no risk of fraud. Plaintiff suggests that several decisions of the Illinois courts have eroded strict adherence to the physical contact rule, citing the following language: "there is a direct causal connection between the hit-and-run vehicle and the plaintiff's vehicle, which connection carries through to the plaintiff's vehicle by a continuous and contemporaneously transmitted force from the hit-and-run vehicle." See *Illinois National Insurance Co. v. Palmer* (1983), 116 Ill. App. 3d 1067, 1069 (where physical contact existed when the insured's vehicle was struck by a lug nut flying off the hit-and-run vehicle); see also *Hartford Accident & Indemnity Co. v. LeJeune* (1986), 114 Ill. 2d 54 (allowing recovery when the hit-and-run driver collided with a third vehicle which in turn collided with plaintiff's vehicle); *Country Cos. v. Bourbon* (1984), 122 Ill. App. 3d 1061 (finding that a series of incidents furnished the physical contact necessary for recovery even though the final act of the hit-and-run driver proximately causing the accident involved no physical contact).

However, this is not a case where plaintiff's accident was instigated by the uninsured vehicle through a series of events as in *Bourbon*, or which caused a domino effect as in *Hartford*, or through indirect physical contact as in *Palmer*. Instead, we have a single act by an unidentified motorist involving no physical contact with plaintiff's vehicle, which proximately caused plaintiff's collision with a third vehicle. Although there is no risk that plaintiff filed a fraudulent claim, since the parties have stipulated to the existence of the unidentified vehicle forcing Kannel off the road, *Ferega* remains good law. Furthermore, the plaintiff in *Scanlan* also asserted that recent Illinois decisions "relax the physical-contact requirement whenever there is no likelihood that the insured has concocted the existence of a 'phantom'

hit-and-run driver to obtain a fraudulent recovery." (*Scanlan*, 203 Ill. App. 3d at 346.) However, we follow *Scanlan* in this case and reject such an approach because it effectually eliminates the physical contact rule enunciated by our supreme court.

Finally, we decline to follow plaintiff's suggestion that we follow recent decisions of other jurisdictions which strike down physical contact requirements contained in insurance policies under similar uninsured motorist statutes. 'Although the equities of this situation might mandate recovery, we must follow *Ferega* and its progeny until they are overruled by a subsequent decision of our supreme court. See *Agricultural Transportation Association v. Carpentier* (1953), 2 Ill. 2d 19, 27; *Inter-Insurance Exchange of the Chicago Motor Club v. State Farm Insurance Co.* (1983), 113 Ill. App. 3d 157, 161.

Accordingly, the judgment of the circuit court of Lake county is affirmed.

Affirmed.

GEIGER and NICKELS, JJ., concur.