THOMAS SWAN, Plaintiff-Appellant, v. COUNTRY MUTUAL INSURANCE COMPANY, d/b/a Country Companies, Defendant-Appellee.

First District (3rd Division)    No. 1—98—2588

Opinion filed July 21, 1999, *nunc pro tunc* June 9, 1999.

Goldstein, Fluxgold, Plaza & McConnell, L.L.C., of Chicago (Cindy G. Fluxgold, Bruce S. Kreisman, and Edwin M. Plaza, of counsel), for appellant.

Kilgallon & Carlson, of Chicago (Keith G. Carlson and William J. Perry, of counsel), for appellee.

JUSTICE BURKE delivered the opinion of the court:

Plaintiff Thomas Swan filed a declaratory judgment action against defendant Country Mutual Insurance Company, d/b/a Country Companies, seeking a determination of the rights and liabilities of the parties under the uninsured motorist coverage of his automobile liability policy. On defendant's motion, the circuit court dismissed plaintiff's first amended complaint with prejudice, based on the contractual provisions of plaintiff's insurance policy. Plaintiff contends on appeal that this coverage should apply to his personal injury claim where there is independent, corroborating evidence of an unappre-

hended second vehicle, despite the absence of physical contact with the second vehicle.

Plaintiff's first amended complaint alleged that he was insured under a policy purchased from defendant, when he was involved in an accident on Interstate 90 near Schaumburg, Illinois. While plaintiff was driving westbound, another car suddenly entered his lane, causing him to swerve to avoid hitting the car that cut him off. That second car did not make contact with plaintiff's car. However, plaintiff hit the median wall as the result of the evasive action he took, and he sustained bodily injury from the collision.

Plaintiff's complaint further alleged that four individuals who were identified in the police report witnessed the accident. They saw the second car enter plaintiff's lane and continue without stopping at the accident scene. Plaintiff alleged that defendant knew or should have known from the four witnesses' accounts that the second car was the sole and proximate cause of his injury. Despite this contention, defendant denied coverage based on a policy provision that limits uninsured motorist coverage to situations in which there is physical contact with the second car. The trial court granted defendant's motion to dismiss the action, relying on *Kannel v. State Farm Mutual Automobile Insurance Co.*, 222 Ill. App. 3d 1013, 584 N.E.2d 540 (1991), which it characterized as dispositive.

■ Section 143a(1) of the Illinois Insurance Code (Code) requires that policies for automobile liability insurance include coverage "provided therein or supplemental thereto *** for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom." 215 ILCS 5/143a(1) (West 1996). However, no liability is imposed under uninsured motorist coverage where the owner or operator of the at-fault uninsured vehicle or hit-and-run vehicle cannot be identified. 215 ILCS 5/143a(2) (West 1996). Our supreme court has construed the term "hit-and-run" to require physical contact and, on that basis, has upheld the validity of insurance policies that extend coverage on personal injury claims under uninsured motorist provisions only in cases where the unknown vehicle makes physical contact with the insured. *Ferega v. State Farm Mutual Automobile Insurance Co.*, 58 Ill. 2d 109, 111, 317 N.E.2d 550 (1974). Such policy terms are consistent with the legislative policy of avoiding fraudulent claims. *Kannel*, 222 Ill. App. 3d at 1016. In *Kannel*, the plaintiff acknowledged that the physical contact rule remains good law and yet urged that an exception to it be judicially created where there purportedly was no risk of fraud. *Kannel*, 222 Ill. App. 3d at 1017. De-

spite the plaintiff's contentions that an exception to the general rule would nonetheless be consistent with the "spirit and intent" of the Code, and would follow a trend in other jurisdictions, the court declined to create such an exception. *Kannel*, 222 Ill. App. 3d at 1017-18.

■ On appeal, plaintiff contends that an exception to the physical contact rule is not precluded by *Kannel* or supreme court precedent. He maintains that the controlling cases, including *Kannel*, were based on a rationale of fraud prevention and, therefore, none of them address the issue of independent corroborating witnesses such as those alleged here. Plaintiff asserts that the instant case is distinguishable because there are the four witnesses, making an anti-fraud rationale for the rule inapplicable.

Plaintiff's attempt to distinguish the instant case from *Kannel* is not persuasive. The rationale expounded by plaintiff for the creation of an exception to the rule is the same as was urged by the plaintiff in *Kannel*. We are without authority to create an exception to the physical contact rule set out in *Ferega* and upheld in subsequent supreme court decisions. The circuit court correctly dismissed plaintiff's first amended complaint.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

CERDA and McBRIDE, JJ., concur.