25 February 2000

No. 3--99--0382

_________________________________________________________________

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2000

KARL GROSHANS, JR., and ) Appeal from the Circuit Court

LISA GROSHANS, ) for the 14th Judicial Circuit,

Plaintiffs-Appellants, ) Whiteside County, Illinois

) 

v. ) No. 98--MR--32

) 

DAIRYLAND INSURANCE COMPANY ) Honorable

Defendant-Appellee. ) Dan A. Dunagan

) Judge, Presiding 

_______________________________________________________________

JUSTICE BRESLIN delivered the opinion of the court:

_________________________________________________________________

Plaintiffs Karl Groshans, Jr. and Lisa Groshans filed suit against defendant Dairyland Insurance Company (Dairyland) seeking a declaratory judgment that they are entitled to coverage under their Dairyland policy for a hit-and-run accident in which no contact was made between the vehicles.  The court granted Dairyland’s motion for summary judgment.  We reverse and hold that when a hit-and-run accident occurs
 there need be no physical contact between
 another vehicle and an insured’s vehicle in order
 
for an insured to recover, absent specific language in a policy requiring such contact.   

FACTS

The hit-and-run accident which is the subject of this lawsuit occurred while Karl was driving his parents’ vehicle home from school with his sister, Lisa, in the passenger seat.  The Groshanses were approaching the top of a large hill when Karl allegedly saw an oncoming car swerving into his lane.  Karl claims that when he turned right to avoid an accident, the tires of his car ran onto the gravel shoulder of the road and he lost control of the vehicle.  His car then swerved left across the road, went into a ditch, and rolled several times before coming to a stop.  The Groshanses’ car never made contact with the other vehicle.  Both Karl and Lisa were injured.

The Groshanses filed a declaratory judgment action regarding the extent of coverage under their policy with Dairyland.  After taking depositions, cross-motions for summary judgment were filed by the parties.  For purposes of the cross-motions, both parties essentially agreed to the facts of the incident giving rise to this lawsuit. 

The relevant portions of the Dairyland policy held by the Groshanses are as follows:

We promise to pay damages, excluding punitive or exemplary damages, the owner or operator of an uninsured motor vehicle is legally obligated to pay because of bodily injury you suffer in a car accident while occupying a car, or as a pedestrian, as a result of having been struck by

***

A hit-and-run motor vehicle, if the driver or owner cannot be identified and which strikes, or causes another vehicle to strike, you or a motor vehicle you are occupying, is an uninsured motor vehicle.  If there is no physical contact with the hit-and-run vehicle, the facts of the accident must be proved.

The Groshanses argued that they were entitled to coverage under that paragraph of their policy which deals with hit-and-run vehicles.  Dairyland argued that the plaintiffs could not recover under the policy because no contact was made with the hit-and-run vehicle.  The circuit court granted Dairyland’s motion for summary judgment.  The Groshanses appeal.

A motion for summary judgment is properly granted when the pleadings, depositions, admissions and affidavits on file show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. 
Machinery Transports of Illinois v. Morton Community Bank
, 293 Ill. App. 3d 207, 687 N.E.2d 533 (1997).  An appellate court performs its review 
de
 
novo
. 
Container Corp. v. Wagner
, 293 Ill. App. 3d 1089, 689 N.E.2d 259 (1997).

In this case, we are called upon to determine whether the trial court erred in granting Dairyland’s motion for summary judgment, thereby ruling as a matter of law that the Groshanses were not entitled to uninsured motorist coverage under Dairyland’s insurance policy.

The parties initially disagree about whether Illinois law requires physical contact between the insured’s vehicle and a hit-

and-run vehicle for an insured to recover under an uninsured motorist policy.  Dairyland contends that case law in Illinois provides that physical contact is required.  The Groshanses argue that Illinois law merely permits an insurance contract to require actual contact between the vehicles, but that actual contact is not required by law.  

Ferega v. State Farm Mutual Automobile Insurance Co.
, 58 Ill.2d 109, 317 N.E.2d 550 (1974), speaks directly to this issue.  
In 
Ferega
, the plaintiff ran off the road to avoid an oncoming car, much as Karl did in the case before us.  Unlike this case, however, the policy held by the plaintiff in 
Ferega
 included a clause requiring physical contact between the  hit-and-run vehicle and a vehicle occupied by the insured at the time of the accident.  The supreme court found this provision of the policy to be consistent with section 143a of the Illinois Insurance Code (215 ILCS 5/143a (West 1998)) which requires that all automobile liability insurance policies include coverage for persons entitled to recover damages from a hit-and-run accident. 
Ferega
, 58 Ill. 2d at 111, 317 N.E.2d at 552.  Thus, the court denied plaintiff coverage.

Dairyland contends that 
Ferega
 stands for the proposition that actual physical contact with a hit-and-run vehicle is required under Illinois law before an insured may recover.  We disagree.  A careful reading of 
Ferega
 reveals that the court, while determining that a provision in an insurance policy requiring physical contact is permissible under Illinois law, did not say that physical contact is always required in order to recover under an uninsured motorist provision.   

Illinois appellate courts clearly differ on this issue.  While some have found, as we do, that 
Ferega
 merely stands for the proposition that a requirement of physical contact in an insurance policy is "valid under the Illinois insurance statute" (
Cole v. Pekin Insurance Co.
, 117 Ill. App. 3d 391, 453 N.E.2d 876 (1983)),
 others seem to suggest that 
Ferega
 requires physical contact regardless of the policy language. See 
Illinois National Insurance Co. v. Palmer
, 116 Ill. App. 3d 1067, 452 N.E.2d 707 (1983).  We note that the vast majority of cases which indicate that 
Ferega
 requires physical contact involve policies which unequivocally state that physical contact is required, as did the policy in 
Ferega
. See, e.g., 
Yutkin v. United States Fidelity & Guaranty Co.
, 146 Ill. App. 3d 953, 497 N.E.2d 471 (1986); 
Swan v. Country Mutual Insurance Co.
, 306 Ill. App. 3d 958, 715 N.E.2d 688 (1999).

Shortly after 
Ferega
 was decided, the Illinois Supreme Court discussed the 
Ferega
 holding in 
Finch v. Central National Insurance Group of Omaha
, 59 Ill. 2d 123, 319 N.E.2d 468 (1974).  The insurance policy issued to the plaintiff in 
Finch
 limited hit-and-

run coverage to accidents in which some physical contact occurred.  The supreme court reaffirmed its 
Ferega
 decision
, stating that 
Ferega
 "held that physical contact between the vehicle of the insured and that of the hit-and-run driver was required under the insurance policy and that the inclusion of a provision to that effect was valid under section 143a of the Illinois Insurance Code." 
Finch
, 59 Ill. 2d at 124, 319 N.E.2d at 469.  This language indicates to us that the supreme court never intended to insert within all insurance policies a physical contact requirement where none exists.         

Having found that Illinois law does not require actual physical contact but merely permits an insurance policy to require such contact, we now turn to the question of whether the Dairyland policy required there to be actual physical contact in order for the policyholders to recover.

The Groshanses argue that the plain language of the policy allows for coverage even when the hit-and-run vehicle does not actually strike the insured’s vehicle.  Specifically, the Groshanses cite to the following provision: "If there is no physical contact with the hit-and-run vehicle the facts of the accident must be proved."  Alternatively, the Groshanses contend that the contract language is ambiguous when construed in conjunction with the other provisions in the same paragraph and, thus, according to Illinois law, the policy must be interpreted in their favor. 

Dairyland contends that in taking the contract as a whole, as we must, it is evident that the policy language specifically prohibits recovery absent physical contact between the insured’s vehicle and some other vehicle.  Dairyland argues that immediately preceding the sentence relied upon by the Groshanses, and within the same paragraph, is a sentence defining a "hit-and-run motor vehicle" for the purpose of uninsured motorist coverage.  That preceding sentence states: "A hit-and-run 
motor
 
vehicle
, if the driver or owner cannot be identified and which strikes, or causes another vehicle to strike 
you
 or a 
motor
 
vehicle
 
you
 are 
occupying
 is an uninsured 
motor
 
vehicle
." (Emphasis in original.)  Dairyland contends that a close review of the entire hit-and-run section indicates that the provision which requires the facts of an accident to be proved applies to those situations where the hit-

and-run vehicle causes another vehicle to strike the insured.  Thus, while the policy does not specifically state that "physical contact" is required as in 
Ferega
, it does require that some vehicle strike the insured’s vehicle. 

We find that the contract provision, requiring the facts of an accident to be proved when the hit-and-run vehicle does not strike the insured, is ambiguous.  The hit-and-run provision can be logically read as both parties have interpreted it.  When a contract contains language that is susceptible to more than one reasonable interpretation, the contract is said to be ambiguous. 
Aetna Casualty & Surety Co. of Illinois v. Allsteel
, 304 Ill. App. 3d 34, 709 N.E.2d 680 (1999).  It is well established in Illinois that all doubts and ambiguities in an insurance contract must be resolved in favor of the insured.
 
Smagala v. Owen
, 
307 Ill. App. 3d 213, 717 N.E.2d 491 (1999). 

Because we must construe the contract against the insurer, we find 
that the provision at issue in the Dairyland insurance policy does not require actual physical contact between the hit-and-run vehicle and the insured’s vehicle.  The Groshanses must now prove the facts of the accident in order to recover under the policy as there was no such contact between
 another vehicle and the Groshanses’ vehicle.

For the foregoing reasons, 
the judgment of the circuit court of Whiteside County is reversed and this cause is remanded for 
further proceedings consistent with this opinion.

Reversed and remanded.

LYTTON and KOEHLER, JJ., concur.