OPINION
{¶ 1} Plaintiffs-appellants, Roger C. Otto and Linda K. Otto, appeal from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Country Mutual Insurance Company, and denying appellants' cross-motion for summary judgment.
 {¶ 2} On May 29, 2004, Mr. Otto was operating his motorcycle eastbound on Interstate 70 in Columbus, Ohio. A vehicle traveling a few car lengths ahead of Mr. Otto suddenly stopped in the right lane, causing him, along with the motorists traveling ahead of him, to veer out of the right lane to avoid colliding with the stopped vehicle. In so *Page 2 
doing, Mr. Otto collided with a vehicle operated by Jennifer Clark. Mr. Otto suffered personal injuries as a result of the accident. It is undisputed that there was no physical contact between the stopped vehicle and either Mr. Otto or his motorcycle, Ms. Clark's vehicle, or any other object. The driver of the stopped vehicle left the scene and has not been identified.
 {¶ 3} Thereafter, appellants filed a claim with appellee under the uninsured motorist provisions of their automobile insurance policy, which provides in pertinent part:
 Section 2, Uninsured-Underinsured Motorists, Coverage U * * *
 A. UNINSURED-UNDERINSURED MOTORISTS COVERAGE * * *
 If you have paid for this coverage * * * we will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured * * * motor vehicle because of bodily injury sustained by an insured and caused by an accident. The owner's or operator's liability for these damages must arise from the ownership, maintenance or use of the uninsured * * * motor vehicle.
 * * *
 B. Definitions, Section 2
 * * *
 1. Uninsured motor vehicle means any type of motor vehicle or trailer:
 * * *
 b. which is a hit-and-run vehicle. A hit-and-run vehicle is one whose operator or owner cannot be identified and which hits or by physical contact with an object causes that object to hit:
 (1) you or any relative;
 (2) a motor vehicle which you or any relative are occupying; or *Page 3 
 (3) your insured vehicle causing bodily injury to the occupants. * * *
 {¶ 4} When appellee denied coverage, appellants filed a complaint seeking, as pertinent here, a declaratory judgment as to the rights and responsibilities of the parties under the policy. Appellee subsequently filed a motion for partial summary judgment asserting that appellants are not entitled to uninsured motorist coverage because the unidentified vehicle does not qualify as an "uninsured motor vehicle" pursuant to the definition of "hit-and-run vehicle" set forth in the policy, as the unidentified vehicle neither hit Mr. Otto or his motorcycle nor made physical contact with any object that in turn hit Mr. Otto or his motorcycle. Appellee maintained that a definition of uninsured motor vehicle requiring physical contact, such as the one set forth in the policy, is valid and enforceable under Illinois law, which the parties agree governs the matter.
 {¶ 5} Appellants responded with a memorandum contra and a cross-motion for summary judgment contending that the provision defining a "hit-and-run vehicle" is ambiguous as to the physical-contact requirement. Appellants urged that such ambiguity must be construed in their favor, thus providing coverage. Appellants further asserted that uninsured motorist coverage is a matter of public policy and, as such, any limitation on coverage must be construed liberally in their favor.
 {¶ 6} On October 10, 2006, the trial court rendered a decision finding the provision at issue to be unambiguous and determining that the unidentified vehicle did not meet the definition of an uninsured motor vehicle because it did not make physical contact with any other vehicle or object. As a result, the court granted appellee's motion for partial summary judgment and denied appellants' cross-motion for summary judgment *Page 4 
as to the ambiguity issue. The court noted, however, that even an unambiguous provision in an insurance policy may be contrary to public policy. Accordingly, the court requested that the parties file supplemental memoranda on the public policy issue.
 {¶ 7} Following briefing, the court, on January 31, 2007, issued a supplemental decision fully granting appellee's motion for partial summary judgment and denying appellants' cross-motion for summary judgment. The court determined that in light of the unambiguous policy language and decisions of the Illinois Supreme Court upholding the validity of physical-contact requirements in automobile insurance policies, public policy concerns do not mandate uninsured motorist coverage. The court further determined that the mere fact that Illinois chooses to resolve the issue of an insurance policy's physical-contact requirement differently than other states does not demonstrate that Illinois law violates Ohio's public policy. Accordingly, the court determined that the policy does not provide uninsured motorist coverage to appellants. The court journalized its decisions by entry filed February 21, 2007.
 {¶ 8} Appellants appealed, advancing the following three assignments of error:
 FIRST ASSIGNMENT OF ERROR
 In its October 10, 2006, decision, the trial court erred in determining that Appellants Roger C. Otto ("Mr. Otto") and Linda K. Otto (jointly "Appellants") were not conferred with uninsured motorists ("UM") coverage under the policy issued by Appellee Country Mutual Insurance Company ("Country Mutual" or "Appellee").
 SECOND ASSIGNMENT OF ERROR
 In its January 31, 2007, supplemental decision, the trial court erred in determining that the Country Mutual policy at issue was not ambiguous with regard to language which attributes the source of "physical contact" caused by the operator of a "hit and run" vehicle for purposes of UM coverage. *Page 5 
 THIRD ASSIGNMENT OF ERROR
 In its January 31, 2007, supplemental decision, the trial court erred in determining that in UM coverage provisions of the Country Mutual policy at issue, the requirement of an insured's proof of "physical contact" (1) between the "insured vehicle" and the "hit-and-run vehicle" or (2) between the "insured vehicle" and an object physically struck by the "hit-and-run vehicle" and the "insured vehicle" is void since such a requirement is contrary to public policy.
 {¶ 9} As all three of appellants' assignments of error challenge the trial court's grant of summary judgment to appellee and denial of appellants' cross-motion for summary judgment, we shall address them simultaneously. Appellants contend the trial court erred in finding the policy language defining a "hit-and-run motor vehicle" to be unambiguous and in failing to find that policy language requiring "physical contact" by the unidentified vehicle is not void as against public policy.
 {¶ 10} An appellate court reviews a summary judgment disposition independently and without deference to the trial court's determination.Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. In conducting our review, this court applies the same standard as that employed by the trial court. Maust v. Bank One Columbus, N.A. (1992),83 Ohio App.3d 103, 107. Summary judgment is proper when the moving party demonstrates: (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence in a light most favorable to the nonmoving party, reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); State ex rel. Grady v.State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183. *Page 6 
 {¶ 11} Under Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once the moving party discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. Id.; Civ.R. 56(E).
 {¶ 12} Preliminarily, we note that both parties attached a copy of the subject insurance policy to their respective motions for summary judgment; however, neither was incorporated by reference into a properly framed affidavit.[1] Although both parties failed to properly support their summary judgment motions with evidentiary material specifically authorized by Civ.R. 56(C), absent objection, we find the trial court had discretion to consider the unauthenticated copy of the policy when it rendered summary judgment. See Churchwell v. Red Roof Inns, Inc.
(Mar. 24, 1998), Franklin App. No. 97APE08-1125, fn. 1, citingMartin v. Cent. Ohio Transit Auth. (1990), 70 Ohio App.3d 83, 89. Our finding is particularly appropriate here, where the parties do not dispute the actual policy language, only the effect of the policy provisions.
 {¶ 13} As noted, the parties agree that Illinois law governs interpretation of the policy, as Mr. Otto was a resident of Illinois at the time of the accident, the parties entered *Page 7 
into the contract of insurance in Illinois, and Mr. Otto's motorcycle was principally garaged in Illinois. The parties further agree that the unidentified vehicle satisfies the first part of the definition of "hit-and-run vehicle" under Section B(1)(b) of the uninsured motorist provision of the policy, as it is "one whose operator or owner cannot be identified." Appellants contend, however, that the second part of the definition, i.e., "one * * * which hits or by physical contact with an object causes that object to hit: (1) you * * * or (3) your insuredvehicle causing bodily injury to the occupants * * *" is ambiguous, as it is unclear what, if any, physical contact is required by the unidentified vehicle. More specifically, appellants contend that use of the term "or" in the second part of the definition could reasonably be interpreted to mean that as long as the actions of the unidentified vehicle cause the insured to have physical contact with an object, the insured is covered. Appellants contend that under their interpretation of the provision, their claim is covered whether or not the unidentified vehicle made physical contact with Mr. Otto, his motorcycle, Ms. Clark's vehicle, or any other object, because the actions of the unidentified vehicle caused Mr. Otto's vehicle to make physical contact with "an object," i.e., Ms. Clark's vehicle.
 {¶ 14} Appellants rely on Groshans v. Dairyland Ins. Co. (2000), 311Ill.App.3d 876, 726 N.E.2d 138, to support their argument. There, the insured sustained bodily injury in an accident resulting from his attempt to avoid a collision with an unidentified vehicle. The insured's vehicle never made contact with the unidentified vehicle. The insured filed a declaratory judgment action regarding the extent of coverage under the uninsured motorist provision of his automobile policy. The policy defined uninsured motor vehicle, in pertinent part, as "[a] hit-and-run motor vehicle, if the driver or owner cannot be *Page 8 
identified and which strikes, or causes another vehicle to strike, you or a motor vehicle you are occupying * * * If there is no physical contact with the hit-and-run vehicle the facts of the accident must be proved." Id. at 877.
 {¶ 15} The insured argued that the plain language of the policy allowed for coverage even in cases where the hit-and-run vehicle does not actually strike the insured's vehicle, citing the "[i]f there is no physical contact with the hit-and-run vehicle the facts of the accident must be proved" provision of the policy. Alternatively, the insured contended that the contract language was ambiguous when construed in conjunction with other provisions in the same paragraph. The insurer argued that the policy language specifically prohibited recovery absent physical contact between the insured's vehicle and some other vehicle. The insurer contended that a review of the entire hit-and-run provision indicated that the provision which required the facts of the accident to be proved applied to those situations where the hit-and-run vehicle caused another vehicle to strike the insured.
 {¶ 16} The court concluded that the provision requiring the facts of an accident to be proved when the hit-and-run vehicle does not strike the insured was ambiguous, as it could be logically read as both parties had interpreted it. Accordingly, the court construed the contract against the insurer as required under Illinois law, and determined that the policy did not require actual physical contact between the hit-and-run vehicle and the insured's vehicle.
 {¶ 17} In the instant case, no such ambiguity exists in the policy issued by appellee. The policy does not include a similar provision suggesting that the policy does not require physical contact between the unidentified vehicle and some other object. *Page 9 
Unlike in Groshans, the physical-contact requirement in the instant policy is unambiguous, as it clearly requires physical contact between the unidentified vehicle and another vehicle or object. The policy expressly defines a "hit-and-run vehicle" as a vehicle "which hits" the insured or the insured's vehicle or makes "physical contact with an object" and so "causes that object to hit" the insured or the insured's vehicle. That the actions of the unidentified vehicle might have led to Mr. Otto's collision with Ms. Clark's vehicle is insufficient to meet the policy's definition of a "hit-and-run vehicle."
 {¶ 18} A contract is ambiguous when it contains language that is susceptible to more than one reasonable interpretation. Aetna Cas. andSurety Co. of Illinois v. Allsteel, Inc. (1999), 304Ill.App.3d 34, 40, 709 N.E.2d 680. "Although ambiguities in an insurance policy will be construed against the insurer, courts will not distort the language of a policy to create an ambiguity where none exists."Dixon Distrib. Co. v. Hanover Ins. Co. (1994), 161 Ill.2d 433, 441,641 N.E. 2d 395. Contrary to appellants' contentions, the language in appellee's policy is unambiguous. Pursuant to the policy's express language, appellants are not entitled to uninsured motorist coverage because the unidentified vehicle did not make physical contact with Mr. Otto, his motorcycle, or any vehicle or object which in turn hit Mr. Otto or his motorcycle.
 {¶ 19} Appellants further contend, however, that even if the policy unambiguously requires physical contact, Illinois public policy obligates appellee to provide uninsured motorist coverage. More specifically, appellants argue that a physical contact requirement in an uninsured motorist policy provision is void as against public policy because it is contrary to the purpose behind statutorily mandated uninsured motorist coverage, i.e., to place the insured in substantially the same position as if the wrongful *Page 10 
uninsured driver had been minimally insured. Appellants argue that they paid premiums for uninsured motorist coverage and reasonably expected coverage for damages caused by an uninsured motorist. Appellants further argue that in cases where, as here, there is no risk that the insured filed a fraudulent claim because independent third-party testimony establishes that the unidentified vehicle proximately caused the insured's injuries, public policy dictates that coverage be provided. In addition, appellants contend that Illinois statutory law governing uninsured motorist coverage in "hit-and-run" situations does not require evidence of physical contact between the insured's vehicle and the unidentified vehicle as a prerequisite to recovery. Appellants maintain that had the Illinois legislature intended to require physical contact in such circumstances, it would have written such a requirement into the statute.
 {¶ 20} A review of Illinois law belies appellants' position. Illinois courts have consistently found policy language requiring physical contact by an unidentified vehicle to be valid and enforceable and consistent with both statutory law and the state's public policy.
 {¶ 21} For instance, in Ferega v. State Farm Mut. Auto. Ins. Co.
(1974), 58 Ill.2d 109, 317 N.E.2d 550, the insured ran off the road to avoid an oncoming vehicle and suffered injuries when he struck a culvert. No physical contact occurred between the unidentified vehicle and the insured's vehicle.
 {¶ 22} At the time the contract of insurance was executed, Section 143a of the Illinois Insurance Code required all automobile liability insurance policies to provide coverage for bodily injury and/or property damage in specified minimum amounts "`for the protection of persons insured thereunder who are legally entitled to recover damages *Page 11 
from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles' * * *." Id. at 109-110, quoting Ill.Rev.Stat.1969, ch. 73, par. 755a. The insured's policy contained an uninsured motorist clause obligating the insurer to pay all sums which the insured was legally entitled to recover from the owner or operator of an uninsured motor vehicle. The policy defined uninsured motor vehicle as including "a `hit-and-run motor vehicle'" and further defined the latter term as a vehicle "which causes bodily injury to an insured arising out of physical contact of such vehicle with the insured or with a vehicle which the insured is occupying at the time of the accident[.]" Id. at 110.
 {¶ 23} The insured maintained he had complied with the physical-contact requirement of the policy by virtue of the fact that there was "constructive" physical contact between his vehicle and the unidentified vehicle, due to the fact that he struck a concrete culvert rather than strike the unidentified vehicle. The insured suggested that the plain language of both the statute and the policy should be judicially modified by altering the meaning of the word "hit" so as to eliminate the element of physical contact.
 {¶ 24} The Illinois Supreme Court rejected the insured's proposal, holding that "the uninsured or hit-and-run motor vehicle coverage required by section 755a, ch. 73, was not intended to include unidentified cars that may be present at the scene of an occurrence of bodily injury without a physical contact of the unidentified motor vehicle with the insured or an automobile occupied by the insured." Id. at 111, quoting Prosk v. Allstate Ins. Co. (1967), 82Ill.App.2d 457, 461, 226 N.E.2d 498, 500.
 {¶ 25} The court further rejected the insured's secondary proposition, i.e., that the language of the policy which required physical contact was void as against public policy because it attempted to dilute the coverage required by the Illinois General Assembly. *Page 12 
The court stated, "we see no inconsistency between the policy provisions and the requirements of the statute. Indeed, both seem to be entirely consistent and to be aimed at the avoidance of fraudulent claims." Id.
 {¶ 26} In Finch v. Cent. Nat'l Ins. Group. Of Omaha (1974),59 Ill.2d 123, 319 N.E.2d 468, the insured suffered injuries when the motorcycle he was riding was struck by a vehicle which had been forced to cross the center line to avoid colliding with a vehicle negligently driven by an unidentified driver. No physical contact occurred between the unidentified vehicle and either the second vehicle or the insured's motorcycle. The insured's policy limited hit-and-run coverage to accidents in which some physical contact occurred. The Illinois Supreme Court reaffirmed its holding in Ferega, stating that Ferega "held that physical contact between the vehicle of the insured and that of the hit-and-run driver was required under the insurance policy and that the inclusion of a provision to that effect was valid under section 143a of the Illinois Insurance Code." Id. at 124, 319 N.E.2d at 469.
 {¶ 27} Eleven years later, the court revisited Ferega in Lemke v.Kenilworth Ins. Co. (1985), 109 Ill.2d 350, 487 N.E.2d 943. The insured was involved in an accident caused when an unidentified vehicle turned across the insured's path of travel, causing her to strike a utility pole as she attempted to avoid a collision. Recognizing that the facts of her case were indistinguishable from Ferega, the insured requested that the court overrule that decision and hold that a requirement of physical contact is void as against public policy absent express statutory language requiring such contact. Id. at 353. The insured argued that the legislature's failure to define the term hit-and-run vehicle manifested its intent to avoid imposing any conditions which would limit recovery. Id. at *Page 13 
354. The insured reasoned that the physical-contact requirement was a limitation on recovery in contravention of the broad remedial policy behind the coverage required by section 143a. Id. The court rejected the argument, noting that since Ferega was decided in 1974, the legislature had amended section 143a eight times; accordingly, the court presumed that legislative inaction subsequent to Ferega indicated approval of the holding and reasoning in that case. Id.
 {¶ 28} An Illinois intermediate appellate court considered bothFerega and Lemke in Scanlan v. Maryland Cas. Ins. Co. (1990), 203Ill.App.3d 340, 561 N.E.2d 301. There, an unidentified vehicle collided with the vehicle immediately in front of the insured and then headed toward the insured's vehicle. The insured was forced to swerve off the road and suffered personal injuries as a result. Neither the unidentified vehicle nor the vehicle immediately in front of the insured's vehicle made physical contact with the insured's vehicle.
 {¶ 29} The insured argued that the legislature impliedly disavowed the physical-contact rule of Ferega and Lemke by amending the uninsured motorist statute in 1984 to require physical contact for property damage claims while omitting a physical contact requirement for bodily injury claims. Following Lemke, the court stated that "the absence in section 143a(1) of `physical contact' language as that in section 143a(2)(i) does not indicate a legislative intention to alter the physical-contact rule set forth in the supreme court decisions." Id. at 344. The court reasoned that "if the legislature wished to express its disapproval of the physical-contact requirement in hit-and-run occurrences in bodily injury cases expressed in the Illinois Supreme Court decisions, it could have done so *Page 14 
within section 143a(1), the provision which mandates uninsured motorist policies covering damages from bodily injury." Id. at 345.
 {¶ 30} The Scanlan court also disagreed with the insured's contention that the "hit" requirement was satisfied by physical contact between the hit-and-run vehicle and a third vehicle without any contact with the insured's vehicle. In support of her argument, the insured relied uponHartford Accident Indemnity Co. v. LeJeune (1986), 114 Ill.2d 54, 499. N.E.2d 464, wherein the court held that a physical-contact limitation did not preclude coverage where the hit-and-run vehicle struck a third vehicle which in turn struck the insured's vehicle and where there was a direct connection through to the insured's vehicle by a continuance and contemporaneously transmitted force from the hit-and-run vehicle. The insured asserted that the policy underlying LeJeune was to relax the physical-contact requirement in cases where there was no likelihood that the insured had concocted the existence of a "phantom" hit-and-run driver to obtain a fraudulent recovery.
 {¶ 31} The Scanlan court first distinguished LeJeune on its facts, noting that the insured's vehicle was not physically contacted by the alleged hit-and-run vehicle, nor was it hit by the third vehicle as inLeJeune. The court then rejected the insured's policy argument, finding that adopting such an approach would effectively eliminate the physical-contact rule that had been adopted by the Illinois Supreme Court.
 {¶ 32} In Kannel v. State Farm Mut. Auto Ins. Co. (1991), 222Ill.App.3d 1013, 584 N.E.2d 540, the insured, recognizing the physical-contact rule as a staple of Illinois law, asserted that it would be consistent with the spirit and intent of the uninsured motorist statute to carve out an exception to the general rule in cases where there is no risk of fraud. The insured suggested that several Illinois courts had eroded strict adherence to *Page 15 
the physical contact rule, including LeJeune, supra; Illinois Natl. Ins.Co. v. Palmer (1983), 116 Ill.App.3d 1067, 452 N.E.2d 707 (where physical contact existed when the insured's vehicle was struck by a lug nut flying off the hit-and-run vehicle); and Country Cos. v.Bourbon (1984), 122 Ill.App.3d 1061, 462 N.E. 2d 526 (finding that a series of incidents furnished the physical contact necessary for recovery even though the final act of the hit-and-run driver proximately causing the accident involved no physical contact.
 {¶ 33} The court declined the insured's proposition. The court first distinguished the facts of the case from those in LeJeune, Bourbon, andPalmer. Indeed, the court noted that the case before it involved a single act by an unidentified motorist involving no physical contact with the insured's vehicle, which proximately caused the insured to collide with a third vehicle. The court next determined that although there was no risk that the insured had filed a fraudulent claim, since the parties had stipulated to the existence of the unidentified vehicle forcing the insured off the road, Ferega was still good law. Finally, the court noted that the insured in Scanlan asserted the same argument, i.e., that recent Illinois decisions had relaxed the physical-contact requirement in cases where there was no likelihood that the insured has concocted the existence of a "phantom" hit-and-run driver to obtain a fraudulent recovery. The court followed Scanlan and concluded that adopting such an argument would effectively eliminate the physical-contact rule enunciated by the Illinois Supreme Court.
 {¶ 34} The court also rejected the insured's suggestion that it follow recent decisions of other jurisdictions which had struck down physical-contact requirements included in insurance policies under similar uninsured motorist statutes. Acknowledging *Page 16 
that the equities of the situation might reasonably mandate recovery, the court nonetheless concluded that it was obligated to followFerega and its progeny. Id.
 {¶ 35} Finally, in Swan v. Country Mut. Ins. Co. (1999), 306Ill.App.3d 958, 715 N.E.2d 688, the insured suffered personal injuries when he hit the median wall while swerving to avoid colliding with an unidentified vehicle. The insured's complaint alleged that four individuals who were identified in the police report witnessed the accident. The insurer denied coverage based on a policy provision that limited uninsured motorist coverage to situations where there was physical contact with the unidentified vehicle. The trial court granted the insurer's motion to dismiss on the strength of Kannel. The insured urged a judicial exception to the physical-contact requirement for "independent corroborating witnesses," claiming that such an exception was not precluded by Kannel or Illinois Supreme Court precedent, as those were based on a rationale of fraud prevention, and as such, did not address the issue raised by the insured. Id. at 960. The court found unpersuasive the insured's attempt to distinguish his case fromKannel, finding that the same rationale for creating an exception to the physical-contact rule was urged and rejected therein. The court concluded it was without authority to create an exception to the physical-contact rule set out in Ferega and upheld in subsequent decisions of the Illinois Supreme Court.
 {¶ 36} As the foregoing cases demonstrate, Illinois courts have had numerous opportunities to review hit-and-run policy provisions requiring physical contact and to consider various public policy arguments. As noted, these courts have consistently upheld physical-contact requirements as against the same public policy challenges appellants assert here. This court will not disregard Illinois law to ignore a contract *Page 17 
provision that, without dispute, an Illinois court would enforce. An agreement will not be invalidated on public policy grounds unless it is clearly contrary to what * * * the statutes or the decisions of the courts have declared to be the public policy[.]" Progressive UniversalIns. Co. v. Liberty Mut. Fire Ins. Co. (2005), 215 Ill.2d 121, 129-130, citing HM Commercial Driver Leasing, Inc. v. Fox Valley Containers,Inc. (2004), 209 Ill.2d 52, 57. In light of the unambiguous policy language at issue, and the Illinois courts' consistent upholding of the validity of physical contact requirements in automobile insurance policies, we conclude that Illinois public policy does not mandate uninsured coverage in the instant case.
 {¶ 37} We further decline appellants' invitation to disregard established Illinois law as to the public policy issue in favor of the public policy of the state of Ohio. We recognize that the Supreme Court of Ohio has determined that a provision in an automobile insurance policy requiring actual physical contact between the unidentified vehicle and either the insured or the insured's vehicle as an absolute prerequisite to recovery is contrary to Ohio public policy. SeeGirgis v. State Farm Mut. Auto. Ins. Co. (1996), 75 Ohio St.3d 302, 307. As the court noted, the purpose of the physical contact requirement is "to provide an objective standard of corroboration of the existence of a `hit-and-run' vehicle to prevent the filing of fraudulent claims." Id. at 306, quoting Travelers Indemn. Co. v. Reddick (1974),37 Ohio St.2d 119, 124. However, the court found that the physical-contact requirement worked an injustice by precluding recovery where no contact occurred between the vehicles of an insured and an unidentified motorist, but independent third-party testimony could establish that an unidentified vehicle proximately caused the insured's injury. In reaffirming its commitment to preventing fraudulent claims, *Page 18 
the court replaced the physical-contact prerequisite with a corroborative-evidence requirement, which "allow[s] an insured to prove through independent third-party testimony that an unidentified vehicle was a proximate cause of the accident for which the insured seeks recovery." Id. at 307.
 {¶ 38} Our Supreme Court addressed the same public policy concerns as those considered and rejected by the Illinois courts. The mere fact that Ohio and Illinois have decided upon two different means by which to reach the same policy objective is an insufficient basis upon which to refuse to apply the well-settled law of Illinois. Ohio law does not permit an Ohio court to ignore application of a foreign state's valid law simply because application of Ohio law may yield a different result. Cf. Woelfling v. Great-West Life Assur. Co. (1972), 30 Ohio App.2d 211,217 ("[T]he public policy of Ohio is not violated by construing a contract made in Illinois by the law of that jurisdiction.").
 {¶ 39} For the foregoing reasons, we conclude that the trial court did not err in granting summary judgment for appellee and in denying appellants' cross-motion for summary judgment. As such, we overrule appellants' three assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 BRYANT and BROWN, JJ., concur.
BOWMAN, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Civ.R. 56(C) provides, in relevant part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "Although it may at first appear that Civ.R. 56(C) sets forth an exclusive list of material that may be considered, in the event that a document is not one of the listed types, it may be introduced as proper evidentiary material if incorporated by reference in a properly framed affidavit." Buzzard v. Pub. Emp. Retirement Sys. Of Ohio (2000),139 Ohio App.3d 632, 636, citing Martin v. Cent. Ohio Transit Auth. (1990),70 Ohio App.3d 83, 89 and Biskupich v. Westbay Manor Nursing Home
(1986), 33 Ohio App.3d 220. *Page 1